Nicolas K. McCORD, Appellant,

v.

**MEMORIAL MEDICAL CENTER HOSPITAL, Appellee.**

No. 13–87–220–CV.

Court of Appeals of Texas,
Corpus Christi.

May 5, 1988.

Rehearing Denied June 2, 1988.

Cage Wavell, Corpus Christi, for appellant.

William DeWitt Alsup, Alsup and Alsup, Corpus Christi, for appellee.

Before NYE, C.J. and BENAVIDES and DORSEY, JJ.

OPINION

NYE, Chief Justice.

This is an appeal from a summary judgment granted in favor of appellee Memorial Medical Center (MMC). The trial court held that MMC was a governmental agency and that appellant had failed to state a cause of action within the limited waiver of governmental immunity provided by the Texas Tort Claims Act.Tex.Civ.Prac. & Rem.Code Ann. §§ 101.001–101.109 (Vernon 1986). We affirm.

Appellant sued MMC alleging that he suffered injuries when a security guard employed by MMC assaulted him. According to appellant's original petition, he entered MMC's facilities to receive medical treatment. Upon leaving the hospital premises, the security guard detained appellant and then beat him with a nightstick, handcuffs and fists. Appellant asserted four causes of action against MMC in his petition: false imprisonment, assault, malicious prosecution, and negligent hiring and supervision of employees.

MMC filed a motion for summary judgment contending that appellant's causes of action were not within the limited waiver of governmental immunity provided by the Texas Tort Claims Act. Appellant failed to timely respond to MMC's motion which was granted by the trial court.

In reviewing the propriety of a summary judgment, we are bound by the standards mandated by the Texas Supreme Court. They are as follows:

1. The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.

2. In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true.

3. Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor.

*Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548–49 (Tex.1985).

■ In his first point of error, appellant challenges the legal sufficiency of MMC's summary judgment proof. The summary judgment proof consisted of an affidavit by the administrator of the Nueces County Hospital District who served as president of MMC. The affiant attested that the Nueces County Hospital District, doing business as Memorial Medical Center, was a political subdivision of the State of Texas. This affidavit is sufficient to establish that MMC is a political subdivision of the state of Texas. Tex.R.Civ.P. 166a. As such, MMC is not liable for damages unless the alleged negligent or wrongful conduct falls within the statutory waiver provisions. *Salcedo v. El Paso Hospital District,* 659 S.W.2d 30, 31 (Tex.1983).

■ Tex.Civ.Prac. & Rem.Code Ann. § 101.021 provides for governmental liability in three general areas: use of publicly owned vehicles, premise defects, and injuries arising from conditions or use of property. The causes of action asserted by appellant against MMC which include false imprisonment, assault, malicious prosecution and negligent hiring and supervision, do not fall within these three general areas of governmental liability. Where the statute does not apply, immunity is still the rule. *Townsend v. Memorial Medical Center,* 529 S.W.2d 264, 267 (Tex.Civ.App. —Corpus Christi 1975, writ ref'd n.r.e.).

Appellant contends, however, that the use of the nightstick by the security guard brings him within the waiver provisions of the statute. But, the waiver of governmental immunity provided by § 101.021 is limited by § 101.057. This limitation provides that claims "arising out of assault, battery, false imprisonment, or any other intentional tort" are not actionable. Tex. Civ.Prac. & Rem.Code Ann. § 101.057(2) (Vernon 1986).

Since the use of the nightstick against appellant was committed by the security guard in the course of an intentional tort, appellant's contention fails. The Tort Claims Act clearly prohibits governmental liability for intentional torts. *Townsend,* 529 S.W.2d at 267. Appellant's first point of error is overruled.

In his second point of error, appellant complains that the trial court erred in failing to consider all relevant documents on file at the time of the summary judgment hearing. According to the judgment, the trial court considered appellee's motion for summary judgment, the attached affidavit, and appellant's original petition in making its determination.

Since appellant failed to file a reply, all that he can challenge on appeal is the legal sufficiency of appellee's summary judgment proof. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678 (Tex.1979); *Johnson v. Levy*, 725 S.W.2d 473, 476 (Tex.App.—Houston [1st Dist.] 1987, no writ).

Appellant, as non-movant, had the duty to expressly present any fact issues to the trial court which would have defeated appellee's motion. *State Board of Insurance v. Westland Film Industries*, 705 S.W.2d 695, 696 (Tex.1986); *City of Houston*, 589 S.W.2d at 678. Neither the trial court nor the appellate court has the duty to sift through the summary judgment record to see if there are other issues of law or fact that could have been raised by the non-movant but were not. *Wooldridge v. Groos National Bank*, 603 S.W.2d 335, 344 (Tex.Civ.App.—Waco 1980, no writ). Accordingly, we hold that the trial court did not err in rendering judgment without taking into account all other material on file which was not before it at the summary judgment hearing.

All of appellant's points of error have been considered and are overruled.

The judgment of the trial court is AFFIRMED.