Wayne BROWN; Roxie C. Brown; Mondaile Energy, Inc.; and Ron Dority d/b/a Shady Oil Company, Appellants,

v.

Mary REETER, Appellee.

No. 11–04–00009–CV.

Court of Appeals of Texas, Eastland.

June 23, 2005.

Keith Woodley, Woodley & Dudley, Comanche, for Appellant.

Gregory Allen, Asbury & Asbury, L.L.P., Abilene, for Appellee.

Panel consists of: ARNOT, C.J., and WRIGHT, J., and McCALL, J.

## Opinion

W.G. ARNOT, III, Chief Justice.

This appeal arises out of a traditional summary judgment terminating three mineral leases referred to by the parties as the "Martin Lease," the "Day Lease," and the "Day A Lease." Appellee, Mary Reeter, owns a portion of the surface estate where the leases are located. She acquired the surface on April 26, 1999. She filed suit against appellants, Wayne Brown, Roxie C. Brown, Mondaile Energy, Inc., and Ron Dority d/b/a Shady Oil Company in 2002, claiming that the leases had expired prior to her acquisition of the property due to lack of production. Appellants were operators of the leases at various times. Appellee also alleged claims for damages with respect to the manner in which appellants operated the leases. Appellee additionally asserted a breach of contract claim against Wayne Brown arising from letters exchanged between the parties' attorneys prior to suit being filed.

Appellee filed a motion for partial summary judgment on her claims seeking to terminate the three leases and her breach of contract claim against Wayne Brown. Appellants did not file a response to the motion. The trial court granted appellee's motion for partial summary judgment. The trial court subsequently entered an

order severing out a portion of the appellee's causes of action. Appellants raise two issues attacking the summary judgment. We affirm.

■ In their first issue, appellants contend that the trial court erred in granting summary judgment on the breach of contract claim which appellee asserted against Wayne Brown. Appellee counters this contention by asserting that the issue is not appealable under the terms of the order of severance which the trial court entered. We agree with appellee's assertion in this regard.

■ A summary judgment which does not dispose of all parties and issues in the pending suit is interlocutory and not appealable unless a severance is ordered. *Hood v. Amarillo National Bank*, 815 S.W.2d 545, 547 (Tex.1991); *Pan American Petroleum Corporation v. Texas Pacific Coal & Oil Company*, 159 Tex. 550, 324 S.W.2d 200, 200–01 (1959). There is no dispute that the summary judgment order entered by the trial court granted partial summary judgment in favor of appellee on her breach of contract claim against Wayne Brown. However, the order of severance which the trial court entered did not cover all of the claims upon which the trial court granted summary judgment. Specifically, the severance order provided as follows:

[E]ach cause of action heretofore asserted by [Appellee] under the Uniform Declaratory Judgment Act where [Appellee] sought a judicial declaration that the Martin lease, Day lease and Day A lease terminated prior to April 26, 1999 shall be severed into a separate cause and assigned a separate cause number by the Clerk of this Court, and that final judgment be entered in favor of [Appellee] in the new lawsuit in accordance with this Court's November 24, 2003 Order Granting Partial Summary Judgment.[1]

Under the express terms of the severance order, only appellee's claims seeking the termination of the three leases were placed into a separate lawsuit and assigned the cause number of 3,586.[2] Appellees other claims, including the breach of contract claim against Wayne Brown, remained in the original lawsuit which bears the cause number of 2,747. Thus, appellee's breach of contract claim against Wayne Brown is not a matter addressed in the judgment from which appellants appeal.[3] Furthermore, the summary judgment granted by the trial court on the breach of contract claim remains an interlocutory, unappealable order because it has not been severed from appellee's other causes of action and because it is not before us. Accordingly, we do not have jurisdiction to address the merits of appellants' first issue. Appellants' first issue is overruled.

Appellants' second issue addresses the trial court's determination that the Day Lease expired for lack of production. As noted previously, appellee sought to terminate the Martin Lease and the Day A Lease in addition to the Day Lease. Ap-

---

1. Appellee clearly delineated the nature of her various causes of action in her petition. She only sought the termination of the three leases under the Uniform Declaratory Judgment Act, TEX. CIV. PRAC. & REM. CODE ANN. § 37.001 et seq. (Vernon 1997). She asserted her breach of contract cause of action against Wayne Brown under a separate heading and paragraph.

2. Appellants filed their notice of appeal in Cause No. 3,586.

3. As per appellants' notice of appeal, the order of severance constitutes the final judgment in Cause No. 3,586.

pellants announced at the hearing on the motion for summary judgment that they did not dispute appellee's claim that the Martin Lease and the Day A Lease had expired for lack of production. Accordingly, appellants' second issue deals solely with the Day Lease.

In a traditional summary judgment motion brought under TEX.R.CIV.P. 166a(c), the moving party has the burden of showing that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law. *Provident Life and Accident Insurance Company v. Knott*, 128 S.W.3d 211, 215 (Tex.2003). We review the trial court's summary judgment de novo. *Provident Life and Accident Insurance Company v. Knott, supra* at 215. We take as true all evidence favorable to the non-movant, and we indulge every reasonable inference and resolve any doubts in the non-movant's favor. *Provident Life and Accident Insurance Company v. Knott, supra* at 215. A genuine issue of material fact exists if the non-movant produces more than a scintilla of evidence establishing the existence of the challenged element. *Morgan v. Anthony*, 27 S.W.3d 928, 929 (Tex.2000).

The non-movant must expressly present to the trial court, by written answer or response, any issues defeating the movant's entitlement to summary judgment. *McConnell v. Southside Independent School District*, 858 S.W.2d 337, 343 (Tex.1993)(citing *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678 (Tex.1979)). We do not consider grounds the non-movant failed to expressly present to the trial court in a written

response. *McConnell v. Southside Independent School District, supra* at 343. If the non-movant fails to respond to a summary judgment motion, "the non-movant is limited on appeal to arguing the legal sufficiency of the grounds presented by the movant." *McConnell v. Southside Independent School District, supra* at at 343 (citing *City of Houston v. Clear Creek Basin Authority, supra* at 678).

Appellee alleged in her traditional motion for summary judgment that the Day Lease terminated prior to April 26, 1999. Her summary judgment evidence in support of this ground consisted of certified copies of the five written leases which comprise the Day Lease, appellants' answers to interrogatories, and certified copies of the records from the Railroad Commission of Texas.[4] The five written leases which comprise the Day Lease provided that they "shall remain in force for a term of three (3) years from this date (called "primary term"), and as long thereafter as oil, gas, or other mineral is produced from said land."[5]

Appellee alleged in the motion that there was no production on the Day lease from February 1998 through December 1998. She supported this allegation with appellants' discovery responses and records from the Railroad Commission of Texas. Appellants responded to an interrogatory asking for information about production occurring on the Day Lease after February 1998 as follows: "[Y]ou may obtain the information from the Texas Railroad Commission," and "That information is contained in public records at the Texas

---

4. The "Day Lease" is the designation used by the parties and the Railroad Commission of Texas to refer to the particular property leased for mineral exploration. Five written oil and gas leases were executed by the various mineral owners of the property to lease it for exploration. The terms and provisions of

the written leases are identical in most material respects.

5. One of the leases was dated August 1, 1989, and the other four leases were dated February 19, 1990.

Railroad Commission Office in Abilene, Texas." The records from the Railroad Commission indicated that no production occurred on the Day Lease from February 1998 through December 1998. The Commission's records further indicated that no production occurred on the Day Lease in the months of February, March, and April of 1999.

■ A clause in an oil and gas lease that the lease will continue after the primary term for "so long thereafter as oil, gas, or other minerals is produced" has been interpreted to mean paying production or production in paying quantities. *Garcia v. King*, 139 Tex. 578, 164 S.W.2d 509 (1942). A lessor seeking to establish that a lease terminated because of a "cessation of production in paying quantities" must meet a two-prong test: (1) that the lease failed to yield a profit over a reasonable period of time and (2) that a reasonably prudent operator would not have continued to operate the well in the manner in which it was being operated for the purpose of making a profit and not merely for speculation. *Clifton v. Koontz*, 160 Tex. 82, 325 S.W.2d 684, 690 (1959); *Cannon v. Sun–Key Oil Co., Inc.*, 117 S.W.3d 416, 421 (Tex.App.-Eastland 2003, pet'n den'd). Appellee's summary judgment evidence did not address any of the economic elements regarding the profitability of producing oil and gas from the Day Lease at any time. Appellants assert that the appellee's summary judgment evidence is deficient as a matter of law without this evidence. We disagree.

■ We recognized in *Cannon* that Texas courts have made an evidentiary distinction between claims alleging "total cessa-

tion of production" versus those involving a "cessation of production in paying quantities." *Cannon v. Sun–Key Oil Co., Inc.*, *supra* at 421–422; *see Ridenour v. Herrington*, 47 S.W.3d 117, 121–22 (Tex.App.-Waco 2001, pet'n den'd); *Bachler v. Rosenthal*, 798 S.W.2d 646, 650 (Tex.App.-Austin 1990, writ den'd); *Wainwright v. Wainwright*, 359 S.W.2d 628, 630 (Tex.Civ.App.-Fort Worth 1962, writ ref'd n.r.e.).[6] When there has been a "total cessation of production," the two-prong "cessation of production in paying quantities" analysis does not apply. *Ridenour v. Herrington, supra* at 121–22; *Bachler v. Rosenthal, supra* at 650; *Wainwright v. Wainwright, supra* at 630. Accordingly, appellee did not need to address the profitability of obtaining production from the Day Lease because she alleged a complete cessation of production for several months.

■ When asked for information about the production from the Day Lease, appellants referred appellee to the records of the Railroad Commission. The Railroad Commission's records indicated that no production occurred on the Day Lease for an 11–month period in 1998 and for a 3–month period in the early part of 1999.[7] Appellants did not file any affidavits or other items of summary judgment evidence to dispute these records. Appellants contend that matters contained within appellee's summary judgment evidence raised fact questions regarding the accuracy of the Railroad Commission's data. Specifically, appellants rely on their own answers to interrogatories and to statements contained in Wayne Brown's deposition wherein he indicated that the Railroad Commission had erroneously credited pro-

6. Appellee cited *Bachler* in her motion for summary judgment.

7. The Day Lease was assigned to appellant Roxie Brown, wife of appellant Wayne Brown, on August 15, 1998. Roxie Brown assigned the Day Lease to appellant Ron Dority on February 21, 2000.

duction from the Day Lease to either the Martin Lease or the Day A Lease in the past.[8] Appellants' ability to raise these matters on appeal at this juncture is tenuous given the fact that they did not file a written response to appellee's motion for summary judgment.[9] *See McCord v. Memorial Medical Center Hospital,* 750 S.W.2d 362, 364 (Tex.App.-Corpus Christi 1988, no writ)("Neither the trial court nor the appellate court has the duty to sift through the summary judgment record to see if there are other issues of law or fact that could have been raised by the non-movant but were not"). Assuming that appellants can rely upon Wayne Brown's deposition responses, he did not identify any specific periods of time wherein production from the Day Lease was erroneously credited to the other two leases. Furthermore, the records from the Railroad Commission indicate that no production occurred on any of the three leases in the months of July, August, September, and October of 1998.

We conclude that appellee established her entitlement to summary judgment on the issue of the expiration of the Day Lease for lack of production. Appellants' second issue is overruled. The judgment of the trial court, as set out in the trial court's severance order, is affirmed.

---

8. Appellee included a large portion of the deposition transcript of Wayne Brown as part of her summary judgment evidence.

9. TEX.R.CIV.P. 197.3 provides that answers to interrogatories may only be used against the responding party. Using a party's interrogatory answers in that party's favor by relying on them to defeat a summary judgment is improper. *Yates v. Fisher,* 988 S.W.2d 730, 731 (Tex.1998)(construing former TEX. R.CIV.P. 168(2)).