11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Wayne
Brown; Roxie C. Brown; Mondaile Energy, Inc.;

and Ron Dority d/b/a
Shady Oil Company

 

Appellants

Vs.                   No.  11-04-00009-CV -- Appeal from Coleman County

Mary
Reeter

Appellee

 

This appeal arises out of a traditional summary
judgment terminating three mineral leases referred to by the parties as the AMartin Lease,@
the ADay
Lease,@ and the ADay A Lease.@  Appellee, Mary Reeter, owns a portion of the
surface estate where the leases are located. 
She acquired the surface on April 26, 1999.  She filed suit against appellants, Wayne
Brown, Roxie C. Brown, Mondaile Energy, Inc., and Ron Dority d/b/a Shady Oil
Company in 2002, claiming that the leases had expired prior to her acquisition
of the property due to lack of production. 
Appellants were operators of the leases at various times.  Appellee also alleged claims for damages with
respect to the manner in which appellants operated the leases.  Appellee additionally asserted a breach of
contract claim against Wayne Brown arising from letters exchanged between the
parties=
attorneys prior to suit being filed.  

Appellee filed a motion for partial summary
judgment on her claims seeking to terminate 
the three leases and her breach of contract claim against Wayne
Brown.  Appellants did not file a
response to the motion.  The trial court
granted appellee=s motion
for partial summary judgment.  The trial
court subsequently entered an order severing out a portion of the appellee=s causes of action.  Appellants raise two issues attacking the
summary judgment.  We affirm.

In their first issue, appellants contend that the
trial court erred in granting summary judgment on the breach of contract claim
which appellee asserted against Wayne Brown. 
Appellee counters this contention by asserting that the issue is not
appealable under the terms of the order of severance which the trial court
entered.  We agree with appellee=s assertion in this regard.








A summary judgment which does not dispose of all
parties and issues in the pending suit is interlocutory and not appealable
unless a severance is ordered. Hood v. Amarillo National Bank, 815
S.W.2d 545, 547 (Tex.1991); Pan American Petroleum Corporation v. Texas
Pacific Coal & Oil Company, 324 S.W.2d 200, 200-01 (Tex.1959).  There is no dispute that the summary judgment
order entered by the trial court granted partial summary judgment in favor of
appellee on her breach of contract claim against Wayne Brown.  However, the order of severance which the
trial court entered did not cover all of the claims upon which the trial court
granted summary judgment.  Specifically,
the severance order provided as follows:

[E]ach
cause of action heretofore asserted by [Appellee] under the Uniform Declaratory
Judgment Act where [Appellee] sought a judicial declaration that the Martin
lease, Day lease and Day A lease 
terminated prior to April 26, 1999 shall be severed into a separate
cause and assigned a separate cause number by the Clerk of this Court, and that
final judgment be entered in favor of [Appellee] in the new lawsuit in
accordance with this Court=s
November 24, 2003 Order Granting Partial Summary Judgment.[1]


 

Under the express terms of the severance order,
only appellee=s claims
seeking the termination of the three leases were placed into a separate lawsuit
and assigned the cause number of 3,586.[2]  Appellees other claims, including the breach
of contract claim against Wayne Brown, remained in the original lawsuit which
bears the cause number of 2,747.  Thus,
appellee=s breach
of contract claim against Wayne Brown is not a matter addressed in the judgment
from which appellants appeal.[3]  Furthermore, the summary judgment granted by
the trial court on the breach of contract claim remains an interlocutory,
unappealable order because it has not been severed from appellee=s other causes of action and because it
is not before us.  Accordingly, we do not
have jurisdiction to address the merits of appellants=
first issue.  Appellants= first issue is overruled.








Appellants=
second issue addresses the trial court=s
determination that the Day Lease expired for lack of production.  As noted previously, appellee sought to
terminate the Martin Lease and the Day A Lease in addition to the Day
Lease.  Appellants announced at the
hearing on the motion for summary judgment that they did not dispute appellee=s claim that the Martin Lease and the
Day A Lease had expired for lack of production. 
Accordingly, appellants=
second issue deals solely with the Day Lease.

In a traditional summary judgment motion brought
under TEX.R.CIV.P. 166a(c), the moving party has the burden of showing that
there is no genuine issue as to any material fact and that it is entitled to
judgment as a matter of law. Provident Life and Accident Insurance Company
v. Knott, 128 S.W.3d 211, 215 (Tex.2003). We review the trial court=s summary judgment de novo. Provident
Life and Accident Insurance Company v. Knott, supra at 215.  We take as true all evidence favorable to the
non-movant, and we indulge every reasonable inference and resolve any doubts in
the non-movant=s
favor.  Provident Life and Accident
Insurance Company v. Knott, supra at 215.  A genuine issue of material fact exists if
the non-movant produces more than a scintilla of evidence establishing the
existence of the challenged element. Morgan v. Anthony, 27 S.W.3d 928,
929 (Tex.2000). 

The non-movant must expressly present to the trial
court, by written answer or response, any issues defeating the movant=s entitlement to summary judgment.  McConnell v. Southside Independent School
District, 858 S.W.2d 337, 343 (Tex.1993)(citing City of Houston v. Clear
Creek Basin Authority, 589 S.W.2d 671, 678 (Tex.1979)). We do not consider
grounds the non-movant failed to expressly present to the trial court in a
written response. McConnell v. Southside Independent School District, supra
at 343.  If the non-movant fails to
respond to a summary judgment motion, Athe
non-movant is limited on appeal to arguing the legal sufficiency of the grounds
presented by the movant.@
McConnell v. Southside Independent School District, supra at at 343
(citing City of Houston v. Clear Creek Basin Authority, supra at 678).








Appellee alleged in her traditional motion for
summary judgment that the Day Lease terminated prior to April 26, 1999.  Her summary judgment evidence in support of
this ground consisted of certified copies of the five written leases which
comprise the Day Lease, appellants=
answers to interrogatories, and certified copies of the records from the
Railroad Commission of Texas.[4]  The five written leases which comprise the
Day Lease provided that they Ashall
remain in force for a term of three (3) years from this date (called Aprimary term@),
and as long thereafter as oil, gas, or other mineral is produced from said
land.@[5]

Appellee alleged in the motion that there was no
production on the Day lease from February 1998 through December 1998.  She supported this allegation with appellants= discovery responses and records from
the Railroad Commission of Texas.  Appellants
responded to an interrogatory asking for information about production occurring
on the Day Lease after February 1998 as follows: A[Y]ou
may obtain the information from the Texas Railroad Commission,@ and AThat
information is contained in public records at the Texas Railroad Commission
Office in Abilene, Texas.@  The records from the Railroad Commission
indicated that no production occurred on the Day Lease from February 1998
through December 1998.  The Commission=s records further indicated that no
production occurred on the Day Lease in the months of February, March, and
April of 1999.

A clause in an oil and gas lease that the lease
will continue after the primary term for Aso
long thereafter as oil, gas, or other minerals is produced@ has been interpreted to mean paying
production or production in paying quantities. 
Garcia v. King, 164 S.W.2d 509 (Tex.1942).  A lessor seeking to establish that a lease
terminated because of a Acessation
of production in paying quantities@
must meet a two‑prong test:  (1)
that the lease failed to yield a profit over a reasonable period of time and
(2) that a reasonably prudent operator would not have continued to operate the
well in the manner in which it was being operated for the purpose of making a
profit and not merely for speculation.  Clifton
v. Koontz, 325 S.W.2d 684, 690 (Tex.1959); Cannon v. Sun-Key Oil Co.,
Inc., 117 S.W.3d 416, 421 (Tex.App. - Eastland 2003, pet=n den=d).
 Appellee=s
summary judgment evidence did not address any of the economic elements
regarding the profitability of producing oil and gas from the Day Lease at any
time.  Appellants assert that the
appellee=s summary
judgment evidence is deficient as a matter of law without this evidence.  We disagree.








We recognized in Cannon that Texas courts
have made an evidentiary distinction between claims alleging Atotal cessation of production@ versus those involving a Acessation of production in paying
quantities.@  Cannon v. Sun-Key Oil Co., Inc., supra at
421-422; see Ridenour v. Herrington, 47 S.W.3d 117, 121‑22
(Tex.App. ‑ Waco 2001, pet=n
den=d); Bachler v. Rosenthal, 798
S.W.2d 646, 650 (Tex.App. ‑ Austin 1990, writ den=d);  Wainwright v. Wainwright, 359 S.W.2d
628, 630 (Tex.Civ.App. ‑ Fort Worth 1962, writ ref=d
n.r.e.).[6]  When there has been a Atotal
cessation of production,@
the two‑prong Acessation
of production in paying quantities@
analysis does not apply.  Ridenour v.
Herrington, supra at 121‑22; Bachler v. Rosenthal, supra at
650; Wainwright v. Wainwright, supra at 630.  Accordingly, appellee did not need to address
the profitability of obtaining production from the Day Lease because she
alleged a complete cessation of production for several months.   








When asked for information about the production
from the Day Lease, appellants referred appellee to the records of the Railroad
Commission.  The Railroad Commission=s records indicated that no production
occurred on the Day Lease for an 11-month period in 1998 and for a 3-month
period in the early part of 1999.[7]  Appellants did not file any affidavits or
other items of summary judgment evidence to dispute these records.  Appellants contend that matters contained
within appellee=s summary
judgment evidence raised fact questions regarding the accuracy of the Railroad
Commission=s
data.  Specifically, appellants rely on
their own answers to interrogatories and to 
statements contained in Wayne Brown=s
deposition wherein he indicated that the Railroad Commission had erroneously
credited production from the Day Lease to either the Martin Lease or the Day A
Lease in the past.[8]  Appellants=
ability to raise these matters on appeal at this juncture is tenuous given the
fact that they did not file a written response to appellee=s motion for summary judgment.[9]  See McCord v. Memorial Medical
Center Hospital, 750 S.W.2d 362, 364 (Tex.App. ‑ Corpus Christi 1988,
no writ)(ANeither
the trial court nor the appellate court has the duty to sift through the
summary judgment record to see if there are other issues of law or fact that
could have been raised by the non-movant but were not@).  Assuming that appellants can rely upon Wayne
Brown=s
deposition responses, he did not identify any specific periods of time wherein
production from the Day Lease was erroneously credited to the other two
leases.  Furthermore, the records from
the Railroad Commission indicate that no production occurred on any of the
three leases in the months of July, August, September, and October of 1998.

We conclude that appellee established her
entitlement to summary judgment on the issue of the expiration of the Day Lease
for lack of production.  Appellants= second issue is overruled.  The judgment of the trial court, as set out
in the trial court=s
severance order, is affirmed.

 

W. G. ARNOT, III

CHIEF JUSTICE

 

June 23, 2005

Panel
consists of:  Arnot, C.J., and

Wright,
J., and McCall, J.











     [1]Appellee
clearly delineated the nature of her various causes of action in her
petition.  She only sought the
termination of the three leases under the Uniform Declaratory Judgment Act,
TEX. CIV. PRAC. & REM. CODE ANN. ' 37.001
et seq. (Vernon 1997).  She asserted her
breach of contract cause of action against Wayne Brown under a separate heading
and paragraph.





     [2]Appellants
filed their notice of appeal in Cause No. 3,586.





     [3]As
per appellants= notice of appeal, the order of severance constitutes
the final judgment in Cause No. 3,586.





     [4]The
ADay Lease@ is the
designation used by the parties and the Railroad Commission of Texas to refer
to the particular property leased for mineral exploration.  Five written oil and gas leases were executed
by the various mineral owners of the property to lease it for exploration.  The terms and provisions of the written
leases are identical in most material respects.





     [5]One
of the leases was dated August 1, 1989, and the other four leases were dated
February 19, 1990.





     [6]Appellee
cited Bachler in her motion for summary judgment.





     [7]The
Day Lease was assigned to appellant Roxie Brown, wife of appellant Wayne Brown,
on August 15, 1998.  Roxie Brown assigned
the Day Lease to appellant Ron Dority on February 21, 2000.





     [8]Appellee
included a large portion of the deposition transcript of Wayne Brown as part of
her summary judgment evidence.





     [9]TEX.R.CIV.P.
197.3 provides that answers to interrogatories may only be used against the
responding party. Using a party=s interrogatory answers in that party=s favor by relying on them to defeat a summary judgment
is improper. Yates v. Fisher, 988 S.W.2d 730, 731 (Tex.1998)(construing
former TEX.R.CIV.P. 168(2)).