Opinion filed April 24, 2008











 
 
  
 
 







 
 
  
 
 




Opinion filed April 24,
2008

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                   __________

 

                                                          No. 11-07-00121-CV 

                                                      _________

 

            NED STEVENSON,
JR. AND PEGGY STEVENSON, Appellants

 

                                                             V.

 

                      TEXAS
STATE BANK, SUCCESSOR BY MERGER 

                    OF
COMMUNITY BANK AND TRUST, SSB, Appellee


 



 

                                        On
Appeal from the County Court at Law

 

                                                       Jefferson
County, Texas

 

                                                   Trial
Court Cause No. 106576

 



 

                                              M
E M O R A N D U M   O P I N I O N

 

This
appeal arises from a summary judgment granted in favor of appellee, Texas State
Bank, successor by merger of Community Bank and Trust, SSB.  We affirm.

                                                               Background
Facts








The
Bank sued appellants, Ned Stevenson, Jr. and Peggy Stevenson, on November 13,
2006, to collect an alleged unpaid deficiency balance on a retail installment
contract.  The Bank asserted that appellants financed the purchase of a trailer
and that the Bank is the holder of the contract.  The Bank further alleged that
appellants had defaulted under the contract and that the Bank had properly
accelerated the contract and repossessed the collateral securing the contract. 
The Bank sought to collect a deficiency balance of $5,618.43 plus interest that
it alleged remained unpaid after the sale of the foreclosed collateral. 
Appellants filed a pro se answer to the Bank=s
petition wherein they alleged that the Bank=s
allegations were not true and that A[w]e
made all monthly payments.@

The
Bank subsequently filed a motion for summary judgment wherein it re-alleged the
contentions asserted in its petition.  The Bank supported its summary judgment
motion with an affidavit from a Bank officer that supported the Bank=s allegations.  Appellants
did not file a response to the Bank=s
motion for summary judgment.  Appellants appeared at the hearing on the motion
for summary judgment and attempted to argue that they had paid the debt in
full.  The trial court advised appellants at the hearing that their failure to
file a response to the motion for summary judgment prevented the trial court
from considering their payment contention.  The trial court subsequently
granted the Bank=s
motion for summary judgment in a written order entered on March 12, 2007.

Appellants
filed a pro se notice of appeal on April 2, 2007.  They re-alleged their
payment contention in the notice of appeal and attached copies of checks and
other banking records that they asserted supported their contention. 
Appellants subsequently wrote a letter to this court complaining of the trial
court=s judgment.[1]  
This letter recites appellants=
version of the facts in support of their payment contention.  Appellants also
attached copies of checks and banking records to this letter.  In the interest
of justice, we have accepted appellants=
letter as their pro se appellants=
brief although it does not cite any legal authorities in support of their
contentions.  If the nonmovant fails to file a response to the motion for summary
judgment, the only ground for reversal he may raise is the legal insufficiency
of the motion for summary judgment and supporting evidence.  City of Houston
v. Clear Creek Basin Auth., 589 S.W.2d 671, 678 (Tex. 1979).  Accordingly,
we conclude that appellants have asserted a single issue in this appeal B that the trial court erred
in granting summary judgment in favor of the Bank because its motion and
supporting evidence were legally insufficient. 

                                                                        Analysis








The
Bank supported its summary judgment allegations with an affidavit of a Bank
officer.  The officer stated in the affidavit that she had personal knowledge
of the matters stated therein and they were true and correct.  On its face, the
Bank=s motion for
summary judgment and its supporting summary judgment evidence establish that
there is no genuine issue of material fact and that it is entitled to judgment
as a matter of law.  See Tex. R.
Civ. P. 166a(c).

Appellants
sought to defeat the summary judgment by asserting the affirmative defense of
payment.  When a party opposing a summary judgment relies on an affirmative
defense, he must come forward with summary judgment evidence sufficient to
raise an issue of fact on each element of the defense to avoid summary
judgment.  Brownlee v. Brownlee, 665 S.W.2d 111, 112 (Tex. 1984).  He
must present his summary judgment evidence in a written response to the motion
for summary judgment.  McConnell v. Southside Indep. Sch. Dist., 858
S.W.2d 337, 341 (Tex. 1993).  It is not the trial court=s duty to sift through the summary judgment
record and find issues that could have been raised by the nonmovant but were
not.  McCord v. Mem=l
Med. Ctr. Hosp., 750 S.W.2d 362, 364 (Tex. App.CCorpus Christi 1988, no writ).  Accordingly,
appellants= allegation
of payment in their original answer was insufficient to defeat summary judgment
because it was not filed in response to the motion for summary judgment and it
was not supported with evidence.  Furthermore, appellants= allegations and possible evidence
of payment filed with their notice of appeal, and later on appeal, were
insufficient to defeat summary judgment because,  without leave of court, a
response to a motion for summary judgment must be filed at least seven days
prior to the hearing on the motion for summary judgment.  See Rule
166a(c).  Appellants=
sole issue is overruled.

                                                               This
Court=s Ruling

The
judgment of the trial court is affirmed.

 

 

TERRY McCALL

JUSTICE

 

April 24, 2008

Panel consists of: Wright, C.J.,

McCall, J., and Strange, J.









[1]The Texas Supreme Court transferred this appeal from
the Ninth Court of Appeals to this court in a docket equalization order.