

**NUMBER 13-07-00656-CV**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

JAMES O'DELL WALTON,                                    Appellant,

v.

TEXAS DEPARTMENT OF
CRIMINAL JUSTICE, ET AL.,                               Appellees.

### On appeal from the 343rd District Court
### of Bee County, Texas.

# MEMORANDUM OPINION

**Before Justices Rodriguez, Garza, and Vela**
**Memorandum Opinion by Justice Rodriguez**

Appellant, James O'Dell Walton, a prison inmate, appeals pro se from the dismissal

of his suit against appellees, the Texas Department of Criminal Justice (TDCJ), TDCJ

employees Joe D. Mireles, Rick E. Villareal, Martha Navejas Gallegos, Evelyn Castro,

Rene Maldonado, Tomas Sanchez, Mary A. Cowan, Cathy L. Moore, David R. Diaz,

Aurelio Ambriz, Domingo A. Carrillo, Alfonso Castillo, Eileen Kennedy, Gilbert L. Herrera, Joella Puente, Kelli Ward, and the Officer of the Inspector General of the TDCJ. By two issues with numerous sub-issues, appellant contends that he was "deprived of some of the most essential steps provided by law." Appellant's issues relate to the merits of his case and claims of conspiracy against the trial court. Because we determine that the TDCJ and its employees are immune from prosecution, we need not address the issues presented, and we affirm the judgment of the trial court.

## I. Background

On August 31, 2004, appellant filed a lawsuit against appellees alleging a number of intentional torts, including neglect, refusal to perform duties owed to appellant, threats of assault, forgery of documents, perjury, conspiracy, denial of access to the mail, denial of access to the courts, destruction of mail, destruction of property, section 1983 violations of constitutional rights under the 5th, 8th, and 14th Amendments, assault, failure to investigate, failure to provide medical treatment, retaliation, and harassment. Appellant made claim for all of these causes of action under the Texas Tort Claims Act (TTCA). *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.001-.109 (Vernon 2005 and Supp. 2008). He also alleged a cause of action under title 42, section 1983 of the United States Code for separately enumerated allegations. *See* 42 U.S.C. § 1983. The TDCJ and the individual defendants denied appellant's claims and asserted their entitlement to various affirmative defenses, including sovereign, official, and qualified immunities.

On October 4, 2006, the TDCJ filed a plea to the jurisdiction under section 101.106(e) of the TTCA to dismiss all of the individual defendants. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(e) (Vernon 2005). The district court granted the plea to the

2

jurisdiction on November 7, 2006, and dismissed everyone except the TDCJ from the lawsuit, leaving the TDCJ as the only defendant.

On October 3, 2007, the TDCJ filed its own plea to the jurisdiction based on sovereign immunity, claiming that the limited waiver of immunity under the TTCA does not apply to intentional torts. *See id.* §§ 101.021, 101.057 (Vernon 2005). On October 8, 2007, after a hearing, the trial court granted the plea to the jurisdiction and dismissed the lawsuit with prejudice by final order signed on October 12, 2007. This appeal ensued.

## II. Standard of Review and Applicable Law

A plea to the jurisdiction is the proper way to challenge the subject-matter jurisdiction of the trial court. *See Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638-39 (Tex. 1999) (per curiam); *City of Waco v. Williams*, 209 S.W.3d 216, 219 (Tex. App.–Waco 2006, pet. denied). Whether a trial court has subject-matter jurisdiction is a question of law subject to de novo review. *See Tex. Natural Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 855 (Tex. 2002). In a case involving sovereign immunity, the court looks to the plaintiff's pleadings and any relevant evidence to decide whether sovereign immunity has been waived. *Tex. Dep't of Crim. Justice v. Millwer*, 51 S.W.3d 583, 587 (Tex. 2001); *Tex. Natural Res. Conservation Comm'n v. White*, 46 S.W.3d 864, 868 (Tex. 2001).

Section 101.106(e) of the Texas Civil Practices and Remedies Code provides that if a suit is filed against both a governmental unit and its employees, the employees shall be dismissed on the filing of a motion by the governmental unit. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(e). In addition, the TTCA provides for a limited waiver of sovereign immunity in circumstances of personal injury but only when the injury arises from

3

the use of a motor vehicle or tangible personal or real property.  *See id.* § 101.021.  The TTCA provides an exception to its waiver of immunity if the plaintiff is suing based on an intentional tort.  *See id.* § 101.057.  When the statute does not apply because of this type of exception, immunity is still the rule.  *McCord v. Mem'l Med. Ctr. Hosp.,* 750 S.W.2d 362, 362 (Tex. App.–Corpus Christi 1988, no writ) (citing *Townsend v. Mem'l Med. Ctr.,* 529 S.W.2d 264, 267 (Tex. Civ. App.–Corpus Christi 1975, writ ref'd n.r.e.)).

### III.  Analysis

### A.  Tort Claims Under the Texas Tort Claims Act

All of the alleged tortfeasors in the instant case are employees of the TDCJ.  Thus, they were properly dismissed by the trial court when the TDCJ filed its plea to the jurisdiction to dismiss its employees.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(e).  Moreover, the acts alleged by appellant are not negligent, but intentional torts.  Appellant alleges a broad conspiracy where corrections officers and grievance officers conspired to assault him with a pocket knife and frame him in a grievance hearing by putting on false and perjured testimony.  These claims all fall within the intentional tort exception to the TTCA and were properly dismissed because of the TDCJ's sovereign immunity.  *See id.* § 101.057.

### B.  Section 1983 Claim

Moreover, the State is not a "person" under title 42, section 1983 of the United States Code.  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).  Therefore, a State governmental unit is not subject to section 1983 claims.  *Tex. Dep't of Pub. Safety v. Petta*, 44 S.W.3d 575, 581 (Tex. 2001).  Appellant has alleged that his constitutional

rights were violated and brought a cause of action under section 1983. Because the TDCJ is a unit of the State government, and not a person, it is not subject to appellant's section 1983 cause of action. *See Will*, 491 U.S. at 71.

Accordingly, appellant's sole issue is overruled.

## IV. Conclusion

We affirm the judgment of the trial court.

NELDA V. RODRIGUEZ
Justice

Memorandum Opinion delivered and
filed this 21st day of August, 2008.