NUMBER 13-07-00656-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 


JAMES O'DELL WALTON, Appellant,


v.
 


TEXAS DEPARTMENT OF 

CRIMINAL JUSTICE, ET AL., Appellees.

 




On appeal from the 343rd District Court 

of Bee County, Texas.

 

 

MEMORANDUM OPINION


Before Justices Rodriguez, Garza, and Vela

Memorandum Opinion by Justice Rodriguez


 Appellant, James O'Dell Walton, a prison inmate, appeals pro se from the dismissal
of his suit against appellees, the Texas Department of Criminal Justice (TDCJ), TDCJ
employees Joe D. Mireles, Rick E. Villareal, Martha Navejas Gallegos, Evelyn Castro,
Rene Maldonado, Tomas Sanchez, Mary A. Cowan, Cathy L. Moore, David R. Diaz,
Aurelio Ambriz, Domingo A. Carrillo, Alfonso Castillo, Eileen Kennedy, Gilbert L. Herrera,
Joella Puente, Kelli Ward, and the Officer of the Inspector General of the TDCJ. By two
issues with numerous sub-issues, appellant contends that he was "deprived of some of the
most essential steps provided by law." Appellant's issues relate to the merits of his case
and claims of conspiracy against the trial court. Because we determine that the TDCJ and
its employees are immune from prosecution, we need not address the issues presented,
and we affirm the judgment of the trial court.

I. Background

 On August 31, 2004, appellant filed a lawsuit against appellees alleging a number
of intentional torts, including neglect, refusal to perform duties owed to appellant, threats
of assault, forgery of documents, perjury, conspiracy, denial of access to the mail, denial
of access to the courts, destruction of mail, destruction of property, section 1983 violations
of constitutional rights under the 5th, 8th, and 14th Amendments, assault, failure to
investigate, failure to provide medical treatment, retaliation, and harassment. Appellant
made claim for all of these causes of action under the Texas Tort Claims Act (TTCA). See
Tex. Civ. Prac. & Rem. Code Ann. § 101.001-.109 (Vernon 2005 and Supp. 2008). He also
alleged a cause of action under title 42, section 1983 of the United States Code for
separately enumerated allegations. See 42 U.S.C. § 1983. The TDCJ and the individual
defendants denied appellant's claims and asserted their entitlement to various affirmative
defenses, including sovereign, official, and qualified immunities.

 On October 4, 2006, the TDCJ filed a plea to the jurisdiction under section
101.106(e) of the TTCA to dismiss all of the individual defendants. See Tex. Civ. Prac.
& Rem. Code Ann. § 101.106(e) (Vernon 2005). The district court granted the plea to the
jurisdiction on November 7, 2006, and dismissed everyone except the TDCJ from the
lawsuit, leaving the TDCJ as the only defendant.

 On October 3, 2007, the TDCJ filed its own plea to the jurisdiction based on
sovereign immunity, claiming that the limited waiver of immunity under the TTCA does not
apply to intentional torts. See id. §§ 101.021, 101.057 (Vernon 2005). On October 8,
2007, after a hearing, the trial court granted the plea to the jurisdiction and dismissed the
lawsuit with prejudice by final order signed on October 12, 2007. This appeal ensued.

II. Standard of Review and Applicable Law

 A plea to the jurisdiction is the proper way to challenge the subject-matter
jurisdiction of the trial court. See Tex. Dep't of Transp. v. Jones, 8 S.W.3d 636, 638-39
(Tex. 1999) (per curiam); City of Waco v. Williams, 209 S.W.3d 216, 219 (Tex. App.-Waco
2006, pet. denied). Whether a trial court has subject-matter jurisdiction is a question of law
subject to de novo review. See Tex. Natural Res. Conservation Comm'n v. IT-Davy, 74
S.W.3d 849, 855 (Tex. 2002). In a case involving sovereign immunity, the court looks to
the plaintiff's pleadings and any relevant evidence to decide whether sovereign immunity
has been waived. Tex. Dep't of Crim. Justice v. Millwer, 51 S.W.3d 583, 587 (Tex. 2001);
Tex. Natural Res. Conservation Comm'n v. White, 46 S.W.3d 864, 868 (Tex. 2001).

 Section 101.106(e) of the Texas Civil Practices and Remedies Code provides that
if a suit is filed against both a governmental unit and its employees, the employees shall
be dismissed on the filing of a motion by the governmental unit. See Tex. Civ. Prac. &
Rem. Code Ann. § 101.106(e). In addition, the TTCA provides for a limited waiver of
sovereign immunity in circumstances of personal injury but only when the injury arises from
the use of a motor vehicle or tangible personal or real property. See id. § 101.021. The
TTCA provides an exception to its waiver of immunity if the plaintiff is suing based on an
intentional tort. See id. § 101.057. When the statute does not apply because of this type
of exception, immunity is still the rule. McCord v. Mem'l Med. Ctr. Hosp., 750 S.W.2d 362,
362 (Tex. App.-Corpus Christi 1988, no writ) (citing Townsend v. Mem'l Med. Ctr., 529
S.W.2d 264, 267 (Tex. Civ. App.-Corpus Christi 1975, writ ref'd n.r.e.)).

III. Analysis

A. Tort Claims Under the Texas Tort Claims Act

 All of the alleged tortfeasors in the instant case are employees of the TDCJ. Thus,
they were properly dismissed by the trial court when the TDCJ filed its plea to the
jurisdiction to dismiss its employees. See Tex. Civ. Prac. & Rem. Code Ann. § 101.106(e). 
Moreover, the acts alleged by appellant are not negligent, but intentional torts. Appellant
alleges a broad conspiracy where corrections officers and grievance officers conspired to
assault him with a pocket knife and frame him in a grievance hearing by putting on false
and perjured testimony. These claims all fall within the intentional tort exception to the
TTCA and were properly dismissed because of the TDCJ's sovereign immunity. See id.
§ 101.057.

B. Section 1983 Claim

 Moreover, the State is not a "person" under title 42, section 1983 of the United
States Code. Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989). Therefore, a
State governmental unit is not subject to section 1983 claims. Tex. Dep't of Pub. Safety
v. Petta, 44 S.W.3d 575, 581 (Tex. 2001). Appellant has alleged that his constitutional
rights were violated and brought a cause of action under section 1983. Because the TDCJ
is a unit of the State government, and not a person, it is not subject to appellant's section
1983 cause of action. See Will, 491 U.S. at 71.

 Accordingly, appellant's sole issue is overruled.

IV. Conclusion

 We affirm the judgment of the trial court.

 

 

 NELDA V. RODRIGUEZ

 Justice


Memorandum Opinion delivered and

filed this 21st day of August, 2008.