

# IN THE
# TENTH COURT OF APPEALS

### No. 10-07-00103-CV

**MARK E. DOYAL,**

                                        **Appellant**

 **v.**

**TEXAS DEPARTMENT OF CRIMINAL
JUSTICE-INSTITUTIONAL DIVISION,
MR. GARY JOHNSON, MS. JANIE COCKRELL,
JOHN GILBERT, RICHARD C. THALER,
ROBERT R. CHANCE, TIMOTHY C. SIMMONS,
AUSTIN B. MCCOMB, JR., ROGER D. SANFORD,
MICHAEL E. TINDALL, CRAIG B. PRICE,**

                                        **Appellee**

###### From the 278th District Court
###### Walker County, Texas
###### Trial Court No. 21784

## O P I N I O N

Appellant Mark Doyal, a prison inmate at all relevant times, filed a pro se suit against the Texas Department of Criminal Justice—Institutional Division (TDCJ) and a number of TDCJ officials and employees (collectively the "Defendants") for personal injuries he sustained when a cell door was closed on his left hand and crushed his

thumb.[1]  The Defendants filed a plea to the jurisdiction on sovereign immunity and a no-evidence motion for summary judgment based on the applicability of Government Code section 497.096.  The trial court sustained the plea to the jurisdiction on sovereign immunity, granted the motion, and dismissed Doyal's suit.  Doyal appeals.  We will reverse and remand.

## Plea to the Jurisdiction

A plea to the jurisdiction challenges the trial court's authority to determine the subject matter of the action.  *Texas Dep't Transp. v. Jones,* 8 S.W.3d 636, 638 (Tex. 1999). Whether the trial court has subject matter jurisdiction is a question of law that we review de novo.  *Texas Natural Resources Comm'n v. IT-Davy,* 74 S.W.3d 849, 855 (Tex. 2002).  The plaintiff has the burden of alleging facts that affirmatively establish the trial court's subject-matter jurisdiction.  *Texas Ass'n Bus. v. Texas Air Control Bd.,* 852 S.W.2d 440, 446 (Tex. 1993).   In determining whether jurisdiction exists, we accept the allegations in the pleadings as true and construe them liberally in favor of the plaintiff. *Texas Dep't Parks & Wildlife v. Miranda,* 133 S.W.3d 217, 227 (Tex. 2004); *Texas Ass'n Bus.,* 852 S.W.2d at 446.

"[S]overeign immunity deprives a trial court of subject matter jurisdiction for lawsuits in which the state or certain governmental units have been sued unless the state consents to suit."  *Id.* at 224.  The Texas Tort Claims Act provides a limited waiver of sovereign immunity and allows suits against governmental units only in certain narrow circumstances.  *Texas Dep't Crim. Justice v. Miller,* 51 S.W.3d 583, 587 (Tex. 2001).

---

[1] Because Doyal paid the filing and service fees, Chapter 14 of the Civil Practice and Remedies Code does not apply.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.002(a) (Vernon 2002).

We look to the terms of the Tort Claims Act to determine the scope of waiver and then consider the particular facts of the case before us to determine whether the case comes within that scope. *Id.; Kerrville State Hosp. v. Clark,* 923 S.W.2d 582, 584 (Tex. 1996).

The Tort Claims Act includes a limited waiver of the state's immunity from suits alleging (1) personal injury proximately caused by the wrongful act or omission or the negligence of an employee acting within her scope of employment if the personal injury arises from the operation or use of motor-driven equipment and the employee would be personally liable to the claimant under Texas law; or (2) personal injury so caused by a condition or use of tangible personal or real property if the governmental unit, were it a private person, would be liable to the claimant under Texas law. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 101.021, 101.025 (Vernon 2005); Act of May 17, 1985, 69th Leg., R.S., ch. 959, § 1, 1985 Tex. Gen. Laws 3242, 3303 (current version at § 101.022 (Vernon Supp. 2008)).[2]

In their plea to the jurisdiction, the Defendants assert that Doyal failed to allege a cause of action for which sovereign immunity has been waived under the Tort Claims

---

[2] We hold pro se pleadings and briefs to less stringent standards than those drafted by lawyers. *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972); *accord Barnes v. State,* 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding); *Birdo v. DeBose,* 819 S.W.2d 212, 216 (Tex. App.—Waco 1991, no writ). Thus, we review such pleadings and briefs "with patience and liberality." *Barnes,* 832 S.W.2d at 426; *accord Birdo,* 819 S.W.2d at 216.

Doyal's brief on appeal does not set out issues on appeal, but his statement of the case and arguments plainly indicate that he is complaining that the trial court erred in granting the plea to the jurisdiction because he has pled a Tort Claims Act claim arising from the negligent operation or use of motor-driven equipment. Doyal's live pleading expressly asserts a claim under section 101.021(1) of the Tort Claims Act, but his brief mistakenly cites section 101.029, which contains very similar language to section 101.021 and provides for liability on the part of TDCJ for personal injury "proximately caused by the wrongful act or omission or the negligence of an inmate or state jail defendant. . . ." TEX. CIV. PRAC. & REM. CODE ANN. § 101.029 (Vernon 2005). But subsection 101.029(d) expressly provides that the section does not apply to personal injury sustained by an inmate or state jail defendant. *See id.* § 101.029(d). Because we review de novo Doyal's pleading, which does cite and rely on section 101.021(1), we disregard Doyal's mistaken citation and reliance on section 101.029.

Act. Doyal's live pleading (his amended petition filed on November 2, 2005) as of the

trial court's February 12, 2007 dismissal order alleges the following:

> On August 31, 2000, Plaintiff Mark E. Doyal, suffered personal injury when his left thumb and left hand were crushed and fractured in the motor-driven cell door equipment caused by the negligent operation or use of the motor-driven cell door equipment by the defendant's employee Kimberly A. Williams, and is liable to Plaintiff according to Texas law and while acting in the course and scope of her employment.

> The defendant's employee Kimberly A. Williams, while acting in the course and scope of employment and through the negligent operation or use of the motor-driven cell door equipment without any communication or verbal warning to Plaintiff engaged the motor-driven cell door equipment to close, thus, crushing Plaintiff's left thumb and left hand and causing it fractures. The negligence that led to the injury occurred at the Estelle Unit, 264 FM 3478, Huntsville Walker County, Texas, on cellblock D2-Wing at cell number 316.

> Officer Darci Roberts who was employed by the defendant on the date in question and working as a rover on the floor of cellblock D2-Wing at the Estelle Unit and while escorting and assisting Plaintiff down the stairs of the cellblock from three row and taking Plaintiff to the infirmary for his injuries sustained from this accident stated to officer Kimberly A. Williams "I didn't tell you to close the cell doors. You shouldn't have done so until I gave you the all clear signal and command to close the cell doors." Officer Kimberly A. Williams in fear of losing her job as a correctional officer replied to Officer Darci Roberts "I am not going to get burned for this one," and then stated to Plaintiff Doyal to "give me your I.D. card." Plaintiff Doyal sustained permanent injuries and disfigurement to his left thumb and left hand when it was crushed and fractured in the motor-driven cell door equipment and had to be rushed to UTMB-Hospital Galveston to undergo emergency reconstructive hand surgery for his injuries suffered to reconstruct his left hand and left thumb and have a metal screw surgically implanted in his left thumb to hold it together.

> If Officer Kimberly A. Williams would have at least given Plaintiff a verbal warning or signal or relayed any type of verbal communication or signal that she was engaging the motor-driven cell door equipment and closing the cell door, or at least had waited for an all clear verbal warning, signal or command from Officer Darci Roberts to close the motor-driven

cell door equipment, the injuries that Plaintiff has suffered and sustained through Officer Kimberly A. Williams negligence, could in all probability have been avoided.

Doyal also pled a premises liability claim, alleging a premises defect and a special defect under the Tort Claims Act.[3]

The supreme court has analyzed the waiver of sovereign immunity for a state employee's negligence arising from the operation or use of motor-driven equipment in a case involving a stationary electric motor-driven pump to dissipate gas fumes:

> The Tort Claims Act does not define "motor-driven equipment." It provides only that:
> "Motor-driven equipment" does not include:
> (A) equipment used in connection with the operation of floodgates or water release equipment by river authorities created under the laws of this state; or
> (B) medical equipment, such as iron lungs, located in hospitals.
> TEX. CIV. PRAC. & REM. CODE § 101.001(4).
>
> We hold that the pump is "motor-driven equipment" for two reasons. First, the pump falls within the generally accepted meaning of "motor-driven equipment." "Equipment," which is not specially defined either by the Tort Claims Act or an opinion of this Court, generally means "[t]he articles or implements used for a specific purpose or activity." BLACK'S LAW DICTIONARY 558 (7th ed. 1999). "Motor-driven" means, quite simply, driven by a motor. The pump in this case was an implement used

---

[3] Because Doyal filed suit in 2002, the current version of section 101.106 does not apply to his claims against the prison officials and employees. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.106 (Vernon Supp. 2008); *see, e.g., Huntsville ISD v. Briggs,* 262 S.W.3d 390, 392-95 (Tex. App.—Waco 2008, pet. filed). One of Doyal's earlier petitions alleged in the alternative a section 1983 claim against the prison official and employee defendants, but his live petition omits that claim. Because we are remanding this cause, we note that state employees are not proper parties to a damages suit under the Tort Claims Act. *See Aguilar v. Chastain,* 923 S.W.2d 740, 744-45 (Tex. App.—Tyler 1996, writ denied) (state prison official, as individual state employee, was not proper party to damages suit by inmate under Tort Claims Act because it does not provide for recovery against individuals employed by state); *see also Denson v. T.D.C.J.-I.D.,* 63 S.W.3d 454, 459 (Tex. App.—Tyler 1999, pet. denied) ("The Act does not provide for recovery against individuals employed by the state. . . . Therefore, the individual defendants, as state employees, were not proper parties to this suit to the extent that they are being sued under the Act."); *Lentworth v. Trahan,* 981 S.W.2d 720, 722 (Tex. App.—Houston [1st Dist.] 1998, no pet.) (stating that prison officials and employees were not proper parties to suit under the Act).

for the purpose of dissipating fumes. It was driven—or made to perform its task—by a motor. It therefore fits the general definition of "motor-driven equipment."

The Seventh Court of Appeals, in *4 DG's Corp.*, 853 S.W.2d at 857, followed this same reasoning. In that case, the owner of a house near a governmental unit's sewage-removal pumps sued the governmental unit when a power outage caused the pumps to fail. *Id.* at 856. Sewage backed up into the owner's house, and the owner alleged that an employee of the governmental unit negligently failed to determine whether the pumps were operable after the power stopped. *Id.* The court of appeals reversed the trial court's summary judgment for the governmental unit based on sovereign immunity, reasoning that the sewage pumps, which were "energized by motors, and ... used in the city's operation of its sanitary sewer system," could fit within the meaning of "motor-driven equipment." *Id.* at 857. This construction of "motor-driven equipment" comports with the words' common-sense, plain-language meaning. . . . We conclude that the TNRCC's stationary electric motor-driven pump is within the scope of section 101.021's "motor-driven equipment."

*Texas Natural Resource Conservation Comm'n v. White,* 46 S.W.3d 864, 868-69 (Tex. 2001).

Under the same analysis, we hold that the electric motor-driven cell door as alleged in Doyal's petition is "motor-driven equipment" under the Tort Claims Act. We further hold that Doyal's petition adequately pleads that his personal injury was proximately caused by the TDCJ's employee's negligence in the operation or use of the motor-driven cell door and states a claim under section 101.021(1) of the Tort Claims Act. *See id.* at 869 ("'Use' means to put or bring into action or service; to employ for or apply to a given purpose.' In addition, the equipment's use must have actually caused the injury.") (citations omitted)); *City of Paris v. Floyd,* 150 S.W.3d 224, 228-29 (Tex. App.—Texarkana 2004, no pet.) (pleadings sufficiently raised issue of whether city was negligent in its operation or use of motor-driven equipment for purposes of waiving sovereign immunity under Tort Claims Act where pleadings alleged city failed to

maintain and properly operate electric motor-driven sewage pumps). Accordingly, we sustain Doyal's complaint that the trial court erred in granting the Defendants' plea to the jurisdiction on sovereign immunity.[4]

**No-Evidence Summary Judgment**

1. A no-evidence motion can only be brought against "a claim or defense on which an adverse party would have the burden of proof at trial," TEX. R. CIV. P. 166a(i);

2. The motion must "state the elements as to which there is no evidence," *Id.;*

3. The motion must be specific in challenging the evidentiary support for an element of a claim, TEX. R. CIV. P. 166a cmt.;

4. Paragraph (i) does not authorize conclusory motions or general no-evidence challenges to an opponent's case, *Id.;*

5. To defeat the motion the non-movant need only point out evidence that raises a fact issue on the challenged elements, *Id.;* and

6. The non-movant is not required to marshal its proof. *Id.*

*Humphrey v. Pelican Isle Owners Ass'n,* 238 S.W.3d 811, 813 (Tex. App.—Waco 2007, no pet.) (citing *Oasis Oil Corp. v. Koch Ref. Co.,* 60 S.W.3d 248, 252 (Tex. App.—Corpus Christi 2001, pet. denied)). We review a trial court's summary judgment de novo. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003).

The Defendants pled the applicability of Government Code section 497.096,

---

[4] Because Doyal's brief does not address his premises liability claim, we will not address it. Also, the Defendants' plea to the jurisdiction asserted the defense of official immunity, but we will not address it because the trial court's dismissal order specifically granted the plea on only sovereign immunity. *Cf. Britton v. Tex. Dep't Crim. Justice,* 95 S.W.3d 676, 681-82 (Tex. App.—Houston [1st Dist.] 2002, no pet.). Nevertheless, and even if applicable, (see n.3 *supra*), official immunity is an affirmative defense, and the officer has the burden to prove its elements. *Leachman v. Dretke,* 216 S.W.3d 297, 315 (Tex. App.—Fort Worth 2008, no pet. h.). Because the Defendants did not present any evidence at all in support of their plea to the jurisdiction, including any evidence on official immunity, granting the plea to the jurisdiction on official immunity would have been erroneous.

which provides:

> An employee of the Texas Department of Criminal Justice, sheriff, employee of a sheriff's department, county commissioner, county employee, county judge, employee of a community corrections and supervision department, restitution center, or officer or employee of a political subdivision other than a county is not liable for damages arising from an act or failure to act *in connection with community service performed by an inmate* imprisoned in a facility operated by the department or *in connection with an inmate or offender programmatic or nonprogrammatic activity*, including work, community service, educational, and treatment activities, if the act or failure to act was not intentional, wilfully or wantonly negligent, or performed with conscious indifference or reckless disregard for the safety of others.

TEX. GOV'T CODE ANN. § 497.096 (Vernon 2004) (emphases added).

The Defendants moved for a no-evidence summary judgment, as follows:

> Defendants move for summary judgment inasmuch as there is no evidence that any act resulting in injury to Plaintiff was a result of conduct that was intentional, willfully or wantonly negligent, or performed with conscious indifference or reckless disregard for the safety of others. The guard who controlled the cell door thought that she had heard another guard give the call to close it. When the door moved, the Plaintiff's thumb was caught. There is no evidence that there was anything more to it.[5]

Noting that "adequate time for discovery has passed" and that "Plaintiff in response has failed to produce summary judgment evidence raising a genuine issue of material fact," the trial court granted the Defendants' motion.[6]

---

[5] The Defendants did not file any summary-judgment evidence, the filing of which would have turned their no-evidence motion into a traditional summary-judgment motion. Doyal attached some unauthenticated medical records to his response, but he did not file any summary-judgment evidence such as an affidavit.

[6] Doyal's brief vaguely refers to unanswered discovery that he served on the Defendants and that the trial court refused to make them respond to it. Because of this vagueness and because we are remanding this cause, we need not further address these complaints. Doyal's brief also mentions that he has been unsuccessful in obtaining from the District Clerk the surgical screw that was removed from his thumb, but that issue is not properly before us and also can be addressed on remand.

Section 497.096 is an affirmative defense on which the defendant bears the burden of proving that she did not act with intentional, willful, or wanton negligence or reckless disregard for the plaintiff's safety. *Moncada v. Brown,* 202 S.W.3d 794, 799 (Tex. App.—San Antonio 2006, no pet.); *Cobb v. Tex. Dep't Crim. Justice,* 965 S.W.2d 59, 63 (Tex. App.—Houston [1st Dist.] 1998, no pet.). Because the Defendants have the burden of proof on their section 497.096 affirmative defense, a no-evidence motion for summary judgment is not proper. *Moncada,* 202 S.W.3d at 799.

Furthermore, by its own terms, section 497.096 does not apply because it is limited to a TDCJ employee's "act or failure to act *in connection with community service performed by an inmate* imprisoned in a facility operated by the department or *in connection with an inmate or offender programmatic or nonprogrammatic activity*," and nothing in Doyal's pleadings indicates that Officer Williams's alleged negligence was in connection with an inmate's community service or programmatic or nonprogrammatic activity. *Cf. Moncada,* 202 S.W.3d at 799-803) (TDCJ employee who was driving inmates to work on trees and brush conclusively established section 497.096 immunity defense); *Gill v. Tex. Dep't Crim. Justice, Inst. Div.,* 3 S.W.3d 576, 581-82 (Tex. App.—Houston [1st Dist.] 1999, no pet.) (affirming summary judgment for TDCJ where inmate was injured while doing prison tree work because inmate alleged only negligent supervision against TDCJ employee-supervisor and did not contend supervisor was grossly negligent to avoid supervisor's immunity under section 497.096).

Accordingly, the trial court erred in granting the Defendants' no-evidence summary-judgment motion on section 497.096.

## Conclusion

We reverse the trial court's dismissal order and remand this cause for further proceedings consistent with this opinion.


BILL VANCE
Justice


Before Chief Justice Gray,
    Justice Vance, and
    Justice Reyna
    (Chief Justice Gray concurs only in the judgment.  A separate opinion will not issue.  He notes, however, that he agrees, based upon existing precedent, that the allegation that the negligent operation of a motor driven cell door resulted in his injury is a sufficient allegation to bring Doyal within the Texas Tort Claim Act's waiver of sovereign immunity.  The opinion is loaded with comments and discussions that are irrelevant to the disposition of this appeal, and he joins no part of them.  With these comments, Chief Justice Gray respectfully concurs in the judgment to the extent that it reverses the judgment of the trial court and remands for further proceedings.)
Reversed and remanded
Opinion delivered and filed November 12, 2008
[CV06]