

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-16-00402-CV

---

RODERICK LYDELL BONNER                                    APPELLANT

V.

TARRANT COUNTY, TEXAS                                      APPELLEE

----------

## FROM THE 342ND DISTRICT COURT OF TARRANT COUNTY
## TRIAL COURT NO. 342-237971-09

----------

## MEMORANDUM OPINION ON REHEARING[1]

----------

Appellant Roderick Lydell Bonner, pro se, appeals from the trial court's grant of summary judgment on immunity grounds for Appellee Tarrant County, Texas (the County). Because we hold that the County did not establish its entitlement to immunity, we reverse.

---

[1]*See* Tex. R. App. P. 47.4.

After we issued our original opinion in this case, the County filed a motion for rehearing. We deny the motion, but we withdraw our previous opinion and substitute this one in its place. The outcome remains unchanged.

## I.  Background Facts

Bonner sued the County for injuries he sustained when a chair he sat in at the Tarrant County jail collapsed. At the time, Bonner was incarcerated in the jail. Bonner alleged that he went to see a nurse for an evaluation, and she told him to sit in the chair, which collapsed with him. Bonner asserted that the County had actual knowledge of the condition of the personal property because a sheriff's deputy had broken the chair prior to Bonner's use of it.

The County filed a motion for summary judgment raising immunity from liability under code of criminal procedure article 42.20(a) and under government code section 497.096. *See* Tex. Gov't Code Ann. § 497.096 (West 2012); Tex. Code Crim. Proc. Ann. art. 42.20 (West 2006). The County attached the affidavit and excerpts from the deposition testimony of Officer Robert Barham, a detention officer at the jail. Officer Barham explained how he broke the chair that Bonner later sat in. The chair was the officers' chair for the pod at the unit. He sat in the chair, raised up slightly to scoot the chair forward, and sat back down. When he sat back down, the back right chair leg "folded out from underneath [him]." Officer Barham reported the incident to his supervisor, who told him to write a report and move the chair to the jail's "multipurpose room." Officer Barham explained in his deposition that the room was used if a fight broke out among

inmates and inmates needed to be temporarily separated. The room was also used to store supplies. The room was also used as "the diabetic room." According to Officer Barham, "[t]he nurses would go in there and set up shop in that room due to the fact that the pod had over 30 some-odd diabetics. And some nurses would allow the inmates to sit. Some nurses would not."

In his affidavit, Officer Barham stated that when the chair collapsed on him, he was "uninjured at the time except for [my] wounded pride." He believed his supervisor would contact the appropriate person to have the chair disposed of and that even if someone did sit in the chair while it was in the Multipurpose Room, Officer Barham did not expect the person to be hurt because he was uninjured when it collapsed on him.

The County further attached to its motion excerpts from the deposition of Caroline Davis-Ette, the nurse who was in the Multipurpose Room when the chair collapsed on Bonner. She testified that she did not notice that the chair was damaged before Bonner sat in it, nor did she see any notice on the chair that it was broken. She stated that she did not remember if she instructed Bonner to sit down.

Based on this evidence, the County argued it was immune under article 42.20(a) of the code of criminal procedure because it had shown as a matter of law that its employees did not act with conscious indifference to the safety of others. It also asserted immunity under section 497.096 of the government code because it had shown as a matter of law that its employees did not act

3

intentionally, through willful or wanton negligence, or with conscious indifference or reckless disregard for the safety of others.

The trial court granted the County's motion for summary judgment without specifying the basis for its ruling. Bonner now appeals.

## II. Standard of Review

Whether a court has subject matter jurisdiction is a question of law. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). If a government entity challenges the existence of jurisdictional facts, "we consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues raised." *Id.* at 227. "If the evidence creates a fact question regarding the jurisdictional issue, then the trial court cannot grant the plea to the jurisdiction" and must leave resolution of the issue to the fact finder. *Id.* at 227–28. The jurisdictional issue is a question of law, however, if the relevant evidence is undisputed or fails to raise a fact issue. *Id.* at 228.

## III. Analysis

Bonner raises ten issues on appeal. We address only his second issue because it is dispositive.

## A. Article 42.20 Does Not Provide Immunity to the County.

Bonner argues in his second issue that article 42.20 of the code of criminal procedure applies to inmate programs and treatment activities but not to the circumstances that led to his alleged injuries. Bonner is correct.

4

Article 42.20(a) applies to certain categories of government employees and officials, including employees of a community supervision and corrections department or a community corrections facility; a sheriff or employees of a sheriff's department; and county employees. Tex. Code Crim. Proc. Ann. art. 42.20(c). Under article 42.20(a), such employees and officials, as well as the governmental entity they serve, are not liable for damages for acts or failures to act in connection with a community service program or work program or in connection with inmate work, educational, or treatment activities. *Id.*

The County focuses on whether Bonner's *injury* occurred "in connection with" an inmate activity. But under the article's terms, it applies only when *the complained-of act or failure to act* is in connection with a community service program or inmate activity. Code of criminal procedure chapter 42 does not define "in connection with" for purposes of article 42.20. However, "[i]f the meaning of the statutory language is unambiguous, we adopt, with few exceptions, the interpretation supported by the plain meaning of the provision's words and terms." *Fitzgerald v. Advanced Spine Fixation Sys., Inc.*, 996 S.W.2d 864, 865 (Tex. 1999).

In *ExxonMobil Pipeline Co. v. Coleman*, 512 S.W.3d 895 (Tex. 2017), the Supreme Court of Texas recently examined the Texas Citizen Participation Act ("TCPA") and its application to statements made "in connection with" matters of public concern. *Id.* at 900. The Court noted that the court of appeals in that case had "improperly narrowed the scope of the TCPA by ignoring the Act's plain

5

language and inserting the requirement that communications involve more than a 'tangential relationship' to matters of public concern." *Id.* The Court quoted its previous statements in *Lippincott* that "(a) court may not judicially amend a statute by adding words that are not contained in the language of the statute. Instead, it must apply the statute as written." *Id.* (quoting *Lippincott v. Whisenhunt*, 462 S.W.3d 507, 508 (Tex. 2015)). We, of course, agree with the Supreme Court of Texas that we must apply statutes as written. *Accord* Antonin Scalia, Common–Law Courts in a Civil–Law System, in A MATTER OF INTERPRETATION 20 (Amy Gutmann, ed. 1997) ("Congress can enact foolish statues as well as wise ones, and it is not for the courts to decide which is which and rewrite the former."). And under article 42.20's plain language, the County is not liable for damages for acts or failures to act in connection with certain inmate activities.

Here, Bonner was at the jail receiving medical treatment from a nurse at the time of his injury, not participating in a community service program, a work program, inmate work, or an educational activity. The only inmate activity alleged by the County was "treatment activity." However, although the nurse's treatment of Bonner could conceivably be categorized as a "treatment activity" as that term is used in the statute, Bonner did not allege an injury arising from *an act or failure to act* "in connection with" that treatment activity. The act or failure to act he complains of—Officer Barham's placing the broken chair in the room without a warning—was not done "in connection with" a treatment activity merely

6

because the nurse saw Bonner in that room. The room was not part of a dispensary or medical area of the jail. While the nurse saw inmates in that room for treatment, the room was also used for storage and for separating inmates. Officer Barham placed the chair in the locked room to store it out of the way before its disposal, expecting his supervisor to see that it was removed. The nurse did not see inmates in the room until four days later. While Bonner's injury had a connection to treatment activity in that the reason he went into the room with the chair was to see the nurse, *Officer Barham's act* of placing the chair in the room had *no* relation to the nurse's eventual provision of treatment. Thus, being bound by the plain language of article 42.20, we find that it does not apply to Bonner's claim. *See* Tex. Code Crim. Proc. Ann. art. 42.20; *Coleman*, 512 S.W.3d at 900.

**B.    Section 497.096 Does Not Provide Immunity to the County.**

Although the bulk of Bonner's argument under his second issue addresses article 42.20, his issue references section 497.096 of the government code as well, and we therefore construe the issue to address that section.[2]

Section 497.096 provides

---

[2]Recognizing that Bonner is proceeding pro se, we are mindful of our duty to construe his brief liberally. *See* Tex. R. App. P. 38.9 (briefing rules should be construed liberally); *Dominey v. Unknown Heirs & Legal Representatives of Lokomski*, 172 S.W.3d 67, 71 (Tex. App.—Fort Worth 2005, no pet.); *see also Corona v. Pilgrim's Pride Corp.*, 245 S.W.3d 75, 78 n.3 (Tex. App. —Texarkana 2008, pet. denied) ("We review and evaluate pro se pleadings with liberality and patience.").

An . . . employee of a sheriff's department, county commissioner, county employee, [or] employee of a community corrections and supervision department . . . is not liable for damages arising from an act or failure to act in connection with . . . an inmate or offender programmatic or nonprogrammatic activity, including work, community service, educational, and treatment activities, if the act or failure to act was not intentional, willfully or wantonly negligent, or performed with conscious indifference or reckless disregard for the safety of others.

Tex. Gov't Code Ann. § 497.096. If section 497.096 applies to a County officer or employee, the County is likewise immune. *See Tex. Dep't of Criminal Justice v. Hetzler*, No. 12-16-00002-CV, 2017 WL 2665659, at *3 (Tex. App.—Tyler June 21, 2017, no pet.) (mem. op.).

Like article 42.20, section 497.096 does not apply to Bonner's claim. The statute does not provide that county employees are not liable for damages arising from any act or failure to act in a jail or prison. Rather, section 497.096 applies when *the act or failure to act* that causes the damages complained of occurs in connection with an inmate activity. Here, Bonner did not allege damages arising from an act or failure to act in connection with a programmatic or nonprogrammatic activity. *See Doyal v. Tex. Dep't of Criminal Justice-Institutional Div.*, 276 S.W.3d 530, 537 (Tex. App.—Waco 2008, no pet.) (holding that section 497.096 did not apply to the plaintiff inmate's claims based on an injury he received when a cell door was closed on his hand because nothing in his pleadings indicated that the officer's alleged negligence was in connection with an inmate's community service or programmatic or nonprogrammatic activity). While the County argues that Bonner participated in an inmate

8

activity—medical treatment—the County did not point out in its motion for summary judgment or on appeal *an act or failure to act* from which Bonner alleged his damages arose that occurred *in connection with* Bonner's medical treatment.

In this case, that act or failure to act involved the placement of the chair and the failure to warn of its condition, not Bonner's medical treatment. Officer Barham moved the chair because he knew it needed to be disposed of and he did not want others to sit in it. He therefore moved the chair from the officers' desk area and into the locked Multipurpose Room, which inmates could not access without an officer's permission. Barham's placing the chair in the Multipurpose Room, and his and his supervisor's failure to warn others about the condition of the chair, were not in connection with an "inmate activity." Accordingly, the section does not provide immunity to the County.

In its motion for rehearing, the County argued that our interpretation of the statutes at issue here "would effectively remove the immunity protections afforded by art. 42.20(a) and § 497.096 and thereby effectuate a waiver of the immunity afforded by these sections and section 101.021 of the Texas Torts Claim Act." This argument is without merit. Our opinion here is distinguishable from cases to which these statutes, under their plain language, apply—when the act or failure to act from which the plaintiff's damages arose is "in connection with" an inmate activity. *See, e.g.*, *Tex. Parks & Wildlife Dep't v. Garland*, 313 S.W.3d 920, 922 (Tex. App.—Tyler 2010, no pet.) (holding article 42.40 applied

9

to claim by a person injured falling from the back of a pickup truck while performing court-ordered community service with the Texas Parks and Wildlife Department when the plaintiff alleged he was injured by the driver's negligent operation of the truck); *Evans v. Tex. Dep't of Criminal Justice-Institutional Div.*, No. 01-07-00847-CV, 2008 WL 2548986, at *1 (Tex. App.—Houston [1st Dist.] June 26, 2008, no pet.) (mem. op.) (holding section 497.096 provided TDCJ with immunity from an inmate's claim based on an injury the inmate received while being transported for medical treatment when the driver of the bus transporting the inmate and the operator of the prison's security gate negligently caused a collision that injured the inmate). To hold otherwise under the circumstances and allegations of this case would require the Court to ignore the Legislature's intention as gleaned from the unambiguous language of these statutes. S*ee Ogden v. Sanders*, 25 U.S. (12 Wheat) 213, 332, 6 L.Ed. 606 (1827) (Marshall, C.J. dissenting) (stating "that the intention of the [statute] must prevail; that this intention must be collected from its words; that its words are to be understood in that sense in which they are generally used by those for whom the [statute] was intended; [and] that its provisions are neither to be restricted into insignificance, nor extended to objects not comprehended in them, nor contemplated by its framers").

We sustain Bonner's second issue.

10

## IV.  Conclusion

Having sustained Bonner's second issue, we reverse the trial court's summary judgment for the County and remand this case to the trial court for further proceedings.

Bonner filed various motions during the pendency of this appeal.  All motions not previously ruled on are hereby denied.

/s/ Mark T. Pittman
MARK T. PITTMAN
JUSTICE

PANEL:  SUDDERTH, C.J.; KERR and PITTMAN, JJ.

DELIVERED:  April 5, 2018

11