

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

## No. 06-07-00015-CV
_____

JAVIER D. CORONA, Appellant

V.

PILGRIM'S PRIDE CORPORATION, Appellee

On Appeal from the 276th Judicial District Court
Camp County, Texas
Trial Court No. CV-05-178

Before Morriss, C.J., Carter and Moseley, JJ.
Opinion by Chief Justice Morriss

OPINION

When Javier D. Corona personally guaranteed payment to Pilgrim's Pride Corporation of the accounts of his newly formed Centex Foods Corporation,[1] he expected Centex to be successful in distributing meat products in Austin and its environs. Business did not go as Corona expected, and Centex accumulated a debt to Pilgrim's Pride of $25,538.37, representing thirteen past due invoices.

Pilgrim's Pride filed a suit on a sworn account against Centex and Corona.[2] The trial court granted the motion for summary judgment filed by Pilgrim's Pride and dismissed Corona's counterclaims. Corona appeals pro se.[3]

We affirm the judgment of the trial court because we hold: (1) the trial court properly dismissed Corona's counterclaims, (2) the trial court properly excluded Corona's summary judgment affidavit as hearsay, (3) Corona failed to raise any fact issue on Pilgrim's Pride's claim for debt, (4) the trial court was not required to allow Corona to appear by telephone, (5) Corona's

---

[1]Corona formed Centex Foods Corporation with business partner Ismael DeLeon.

[2]The suit against Centex was severed because Centex declared bankruptcy.

[3]The law is well settled that "[a] party proceeding pro se must comply with all applicable procedural rules" and is held to the same standards as a licensed attorney. *Weaver v. E-Z Mart Stores, Inc.*, 942 S.W.2d 167, 169 (Tex. App.—Texarkana 1997, no pet.). "On appeal, as at trial, the pro se appellant must properly present his or her case." *Strange v. Cont'l Cas. Co.*, 126 S.W.3d 676, 678 (Tex. App.—Dallas 2004, pet. denied). We review and evaluate pro se pleadings with liberality and patience, but otherwise apply the same standards applicable to pleadings drafted by lawyers. *Foster v. Williams*, 74 S.W.3d 200, 202 n.1 (Tex. App.—Texarkana 2002, pet. denied).

complaint about discovery was not preserved for appellate review, and (6) Corona's complaint about venue was not preserved for appellate review.

*(1) The Trial Court Properly Dismissed Corona's Counterclaims*

Corona claims the trial court erred by dismissing his counterclaims. In response to Pilgrim's Pride's lawsuit, Corona asserted counterclaims for breach of contract, negligence, fraud, conspiracy to commit fraud, conversion, and malicious prosecution against Pilgrim's Pride. Corona claims that Pilgrim's Pride employees allowed products to be ordered without authorization by Centex and redirected deliveries to unauthorized locations. Corona also claims the suit brought by Pilgrim's Pride was meritless.

With the exception of the malicious prosecution claim, all of the counterclaims alleged by Corona belong to Centex. The claims are all based on the allegation that Pilgrim's Pride employees delivered products to unauthorized locations and the products were charged to Centex's account. Corona sought damages for injuries allegedly caused to Centex, a corporation of which Corona is a shareholder. The Texas Supreme Court has repeatedly held a corporate shareholder cannot personally recover damages for wrongdoing against the corporation. *Wingate v. Hajdik*, 795 S.W.2d 717, 719 (Tex. 1990); *Commonwealth of Mass. v. Davis*, 140 Tex. 398, 168 S.W.2d 216, 221 (1942) (corporation and its shareholders are distinct legal entities). Further, Texas courts have consistently held that a nonattorney may not appear pro se on behalf of a corporation. *See, e.g., Kunstoplast of Am., Inc. v. Formosa Plastics Corp., USA*, 937 S.W.2d 455, 456 (Tex. 1996) (per curiam); *Moore*

3

*by & Through Moore v. Elektro-Mobil Technik GMBH*, 874 S.W.2d 324, 327 (Tex. App.—El Paso 1994, writ denied); *cf. Am. Home Assur. Co. v. Unauthorized Practice of Law Comm.*, 121 S.W.3d 831, 839 (Tex. App.—Eastland 2003, pet. granted). Corona could not bring these counterclaims either personally or on behalf of the corporation.[4]

Corona failed to allege facts sufficient to plead a case of malicious prosecution. Corona claimed Pilgrim's Pride committed malicious prosecution by bringing suit against Corona on a meritless claim.

> To prevail in a suit alleging malicious prosecution of a civil claim, the plaintiff must establish: (1) the institution or continuation of civil proceedings against the plaintiff; (2) by or at the insistence of the defendant; (3) malice in the commencement of the proceeding; (4) lack of probable cause for the proceeding; (5) termination of the proceeding in plaintiff's favor; and (6) special damages.

*Tex. Beef Cattle Co. v. Green*, 921 S.W.2d 203, 207 (Tex. 1996). Corona's counterclaim for malicious prosecution fails to allege any facts sufficient to establish the above elements. Corona failed to allege any facts sufficient to constitute malice, lack of probable cause, or termination of the proceedings in Corona's favor. The trial court did not err in dismissing Corona's counterclaims.

*(2) The Trial Court Properly Excluded Corona's Summary Judgment Affidavit as Hearsay*

Corona submitted two affidavits as summary judgment evidence, one signed by Corona and one signed by Jorge Suchomlinow. The trial court overruled Pilgrim's Pride's objections to

___

[4]We also note Centex had declared bankruptcy. The record does not contain any indication that the bankruptcy trustee had authorized these counterclaims. Further, Centex had been severed from this lawsuit at the time the counterclaims were filed.

Suchomlinow's affidavit, but sustained the objections to Corona's affidavit. Corona argues the trial court erred in not considering his summary judgment affidavit. In the affidavit, Corona states:

> I was informed by a previous employee of my corporation that some of my employees have been receiving merchandise deliveries billed to Centex Foods Corporation. I was told by witnesses that Pilgrim's Pride delivery drivers have been consistently delivering merchandise invoiced to my company to unauthorized locations.

At the summary judgment hearing, Corona stated the prior employee was not a legal resident and was afraid to sign an affidavit.

We review a trial court's rulings in admitting or excluding evidence under an abuse of discretion standard. *Nat'l Liab. & Fire Ins. Co. v. Allen*, 15 S.W.3d 525, 527–28 (Tex. 2000). Under an abuse of discretion standard, we cannot overrule the trial court's decision unless the trial court acted unreasonably or in an arbitrary manner, without reference to guiding rules or principles. *Beaumont Bank, N.A. v. Buller*, 806 S.W.2d 223, 226 (Tex. 1991); *Davis v. Huey*, 571 S.W.2d 859, 861–62 (Tex. 1978). The affidavit in question consists entirely of hearsay. The trial court did not abuse its discretion in excluding Corona's affidavit. *See* TEX. R. CIV. P. 166a(f); TEX. R. EVID. 802; *Einhorn v. LaChance*, 823 S.W.2d 405, 410 (Tex. App.—Houston [1st Dist.] 1992, writ dism'd w.o.j.) (op. on reh'g) (affidavits based solely on hearsay inadmissible as summary judgment evidence).

*(3) Corona Failed to Raise Any Fact Issue on Pilgrim's Claim for Debt*

Corona argues the trial court erred in granting summary judgment in favor of Pilgrim's Pride because there are genuine issues of material fact. Corona alleged negligence, fraud, breach of contract, and conversion as affirmative defenses. The factual basis of the above defenses can be

5

summarized as alleging Pilgrim's Pride employees conspired with Centex employees to order goods without authorization and to deliver said goods to unauthorized locations. In addition, Corona alleged the defense of partial satisfaction.

The standards of review for both a traditional motion for summary judgment and a no-evidence motion for summary judgment are well established. When reviewing a traditional summary judgment, we take as true all evidence favorable to the nonmovant and indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Limestone Prods. Distrib., Inc. v. McNamara*, 71 S.W.3d 308, 311 (Tex. 2002). Summary judgment is proper when the movant establishes that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671 (Tex. 1979). A nonmovant will defeat a no-evidence summary judgment motion if the nonmovant presents more than a scintilla of probative evidence on each element of his or her claim. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003); *Jackson v. Fiesta Mart, Inc.*, 979 S.W.2d 68, 70–71 (Tex. App.—Austin 1998, no pet.). More than a scintilla of evidence exists when the evidence "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997). In a summary judgment hearing, the trial court's decision is based on written pleadings and written evidence rather than live testimony. *See* Tex. R. Civ. P. 166a(c).

To obtain summary judgment on a guaranty agreement, a party must conclusively prove: (1) the existence and ownership of the guaranty contract, (2) the performance of the terms of the contract by plaintiff, (3) the occurrence of the condition on which liability is based, and (4) guarantor's failure or refusal to perform the promise. *Barclay v. Waxahachie Bank & Trust Co.*, 568 S.W.2d 721, 723 (Tex. Civ. App.—Waco 1978, no writ). Pilgrim's Pride introduced summary judgment evidence in the form of business records with the necessary business-records affidavit. Pilgrim's Pride's summary-judgment evidence conclusively established that Corona signed the guaranty agreement for payment of Centex obligations to Pilgrim's Pride, that Centex owed Pilgrim's Pride a balance of $25,538.37, that Pilgrim's Pride had demanded Corona pay the indebtedness of that debt, and that Corona failed to do so.

In response, Corona presented the trial court with two affidavits as summary judgment evidence. As referenced above, the trial court sustained Pilgrim's Pride's objections to Corona's affidavit because it was entirely hearsay. Corona's remaining summary judgment evidence consisted of the affidavit of Suchomlinow. Suchomlinow's affidavit provides in pertinent part:

> I witnessed PILGRIM'S PRIDE CORPORATION's delivery trucks unload many cases of meat products at my place of business parking lot (El Dorado Meat Market, 5001 Airport Blvd[.], Austin, TX 78746). I witnessed the merchandise being personally handed to then CENTEX's employee Ismael Deleon. It was until [sic] on or about May 20th, 2005 that I approached the delivery drivers and emphatically prohibited them of making any further deliveries at my place of business since I finally realized there was some suspicious activity going on between PILGRIM's delivery drivers and Ismael Deleon. I told the delivery driver that I would report them if such behavior would continue.

7

Suchomlinow's affidavit merely provides some evidence that Centex employees received products from Pilgrim's Pride at an "unauthorized" location. Suchomlinow's belief that the activity was suspicious is less than a scintilla of evidence that the products delivered were not accepted and used by Centex or that Centex was invoiced for any products it did not receive. There is no evidence of negligence, fraud, breach of contract,[5] or conversion.

Corona also argues the debt was partially satisfied because he offered to tender assets of the corporation to satisfy the outstanding debt.[6] There is no evidence in the record that Pilgrim's Pride agreed to accept the corporate assets or received partial payment of the outstanding debt. Under the terms of the guaranty agreement, Corona was an absolute guarantor of payment. Absolute guaranties are conditioned solely on default of the principal debtor. *Mid-South Telecomms. Co. v. Best*, 184 S.W.3d 386, 391 (Tex. App.—Austin 2006, no pet.). An absolute guarantor is primarily liable and waives any requirement that the creditor take action against the principal obligor as a condition

[5]We note Corona claims Pilgrim's Pride deviated from the standard course of dealing between the parties by not notifying Corona by telephone of the past due invoices or the fact that Centex's credit limit had been exceeded. Corona, though, presented no evidence to support this allegation. "Pleadings do not constitute summary judgment proof." *Clear Creek Basin Auth.*, 589 S.W.2d at 678. Even if there was evidence to support this allegation, Corona has failed to provide this Court with legal authority establishing this deviation as a defense to his obligations under the guaranty agreement. *See* TEX. R. APP. P. 38.1.

[6]We note Corona alleges the "bankruptcy trustee has offered payment in the form of the corporation's assets," but fails to provide this Court to a cite in the record in support of this statement. The record does contain a letter to Pilgrim's Pride where Corona offers to tender the corporation's assets to satisfy the debt. We will assume, without deciding, that the letter constitutes summary judgment evidence.

precedent to his or her liability on the guaranty. *Hopkins v. First Nat'l Bank at Brownsville*, 551 S.W.2d 343, 345 (Tex. 1977); *Joseph Thomas, Inc. v. Graham*, 842 S.W.2d 343, 345 n.2 (Tex. App.—Tyler 1992, no writ). Because Corona was an absolute guarantor, Pilgrim's Pride was not required to seek recovery from Centex before instituting suit against Corona.

Corona also argues there are genuine issues of material fact concerning whether Pilgrim's Pride permitted Centex to exceed the contractual credit limit. Corona, though, did not expressly plead a defense based on a material alteration of the contract. On its application for credit, Centex applied for a credit limit of $20,000.00, but Pilgrim's Pride allowed Centex to accumulate a debt of $25,538.37.

Corona did not adequately raise this issue in any response before the trial court. A summary judgment cannot be reversed on appeal due to an issue that was not expressly and timely presented to the trial court by written response or other document. TEX. R. CIV. P. 166a(c); *see Clear Creek Basin Auth.*, 589 S.W.2d at 677. Corona mentions that the credit limit was exceeded while asserting negligence as an affirmative defense. The amended response provides as follows in pertinent part:

> 3. Defendants claim negligence as an affirmative defense and do not recognize the amount on the alleged defaulted invoices and claims that Plaintiff's negligent behavior created and compounded the alleged default. Additionally, during this alleged default the credit line amount was raised unilaterally by Plaintiff. Defendants never requested nor authorized such an increase so therefore it is not binding.

The fact the credit limit was exceeded is contained in a paragraph alleging negligence. Corona failed to provide any legal argument as to the effect of exceeding the credit limit.

9

The above quotation was insufficient to expressly present the defense for a material alteration of the contract to the trial court. While the quotation probably was sufficient to inform the trial court of the facts complained of, the quotation is insufficient to inform the trial court of any legal effect of those facts. We are prohibited from considering grounds the nonmovant failed to expressly present to the trial court in a written response. *Brown v. Reeter*, 170 S.W.3d 151, 154 (Tex. App.—San Antonio 2005, no pet.). To the extent Corona may have had a partial defense for a material alteration of the contract, this issue is not preserved for our review. Further, Corona has failed to provide this Court with any legal argument or authority as to the effect of exceeding the credit limit. As such, this issue was also inadequately briefed on appeal. *See* TEX. R. APP. P. 38.1.

Because there are no genuine issues of material fact, the trial court did not err in granting summary judgment in favor of Pilgrim's Pride.

*(4) The Trial Court Was Not Required to Allow Corona to Appear by Telephone*

Corona argued that, because of his medical condition, he could not physically appear in Camp County. Although not bedridden, Corona argued extended stays in a wheelchair could pose a severe health risk because he is subject to decubitus ulcers. Corona argues the trial court was required to grant his request under the Americans with Disabilities Act (ADA). The trial court permitted Corona to attend the summary judgment hearing by telephone. At the hearing, the trial court informed Corona he would not be allowed to continue to appear by telephone.

10

The trial court did not abuse its discretion in denying Corona's motion to appear by telephone. The Texas Rules of Judicial Administration permit, but do not require, courts to allow parties to attend pretrial hearings via telephone. *See* TEX. R. JUD. ADMIN. 7a(6)(b). Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C.A. § 12132 (West 2007). To state a claim under Title II, Corona must allege that (1) he is a "qualified individual with a disability"; (2) he is being excluded from participation in or being denied the benefits of some "services, programs, or activities" by reason of his disability; and (3) the entity which provides the service, program, or activity is a public entity. *See id.*; *Kiman v. N.H. Dep't of Corr.*, 451 F.3d 274, 283 (1st Cir. 2006); *Soto v. City of Newark*, 72 F. Supp. 2d 489, 492 (D.N.J. 1999). The ADA requires public entities to provide "meaningful access" to their programs and services. *Chaffin v. Kan. State Fair Bd.*, 348 F.3d 850, 857 (10th Cir. 2003); *see also Randolph v. Rodgers*, 170 F.3d 850, 858 (8th Cir. 1999).

Under regulations promulgated by the Department of Justice, public entities are required to "make reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability . . ." 28 C.F.R. § 35.130(b)(7) (2003); *see* 42 U.S.C.A. § 12134(a) (West 2003). The regulations also provide:

> (a) A public entity shall take appropriate steps to ensure that communications with applicants, participants, and members of the public with disabilities are as effective as communications with others.

11

(b)(1) A public entity shall furnish appropriate auxiliary aids and services where necessary to afford an individual with a disability an equal opportunity to participate in, and enjoy the benefits of, a service, program, or activity conducted by a public entity.

(2) In determining what type of auxiliary aid and service is necessary, a public entity shall give primary consideration to the requests of the individual with disabilities.

28 C.F.R. § 35.160 (2008). However, a public entity is not required "to take any action that it can demonstrate would result in a fundamental alteration in the nature of a service, program, or activity or in undue financial and administrative burdens." 28 C.F.R. § 35.164 (2008).

Corona has failed to cite any authority, nor are we aware of any, for the proposition that a violation of the ADA voids an otherwise valid judgment. A person alleging discrimination under Title II of the ADA has the remedies, procedures, and rights set forth in Section 505 of the Rehabilitation Act of 1973. 42 U.S.C.A. §§ 12131–65 (West 2003); 42 U.S.C.A. §§ 2000e-5, 2000e-16 (West 2003); 29 U.S.C.A. § 794a (West 2003); AM. JUR. 2D *Americans with Disabilities Act Analysis and Implications* § 307 (LEXIS 2007).

It is not necessary for us to decide whether Corona's due-process rights were violated by the alleged violation of the ADA. Assuming that a violation of the ADA could void a judgment, the First District Court of Appeals has held the claim is an affirmative defense that must be pleaded and proved to avoid waiver. *In re C.M.*, 996 S.W.2d 269, 270 (Tex. App.—Houston [1st Dist.] 1999, no pet.). Corona failed to plead an affirmative defense based on a violation of the ADA. Even if Corona's motion to transfer venue pled an affirmative defense based on a violation of the ADA and assuming

a violation of the ADA would void a judgment, Corona has failed to prove the trial court's actions violated the ADA. The trial court took judicial notice the courthouse was wheelchair accessible, and Corona failed to prove he could not access the courtroom. Although Corona did provide some medical records to prove he is a paraplegic, Corona failed to provide the trial court with any evidence he could not travel to Camp County to attend court proceedings. A public entity is not required to grant the specific accommodation requested, so long as the accommodation granted is adequate. The record does not establish the accommodation provided, i.e., a wheelchair accessible courtroom, was inadequate. Further, the accommodation requested by Corona might fundamentally alter the proceedings. *See McLaughlin v. Pyles*, No. 99CA0013, 1999 Ohio App. LEXIS 5556 (Ohio Ct. App. 1999) (not designated for publication) (refusal to allow party to appear by telephone did not violate ADA). Corona has not shown the trial court abused its discretion in not granting his motion to appear by telephone.

*(5)  Corona's Complaint About Discovery Was Not Preserved for Appellate Review*

Corona filed a motion to compel discovery March 1, 2006. According to Corona, Pilgrim's Pride ignored discovery requests made the prior November, including interrogatories, requests for disclosure, requests for production, and requests for admissions. Corona did not attempt to secure a ruling on his motion to compel. At the hearing for summary judgment, Corona complained about Pilgrim's Pride not responding to his discovery requests. The trial court noted there was no record Corona had ever requested a hearing. Corona admitted he had not requested a hearing and stated he

13

"was under the impression that once you filed a motion that automatically the motion would be docketed." At the hearing, Corona did not explicitly request a ruling on the motion.

The Texas Supreme Court has held "the failure to obtain a pretrial ruling on discovery disputes that exist before commencement of trial constitutes a waiver of any claim for sanctions based on that conduct." *Remington Arms Co. v. Caldwell*, 850 S.W.2d 167, 170 (Tex. 1993). This is in accord with the general rule that, as a prerequisite to a complaint for appellate review, the record must show that the trial court, either expressly or implicitly, ruled on the motion. TEX. R. APP. P. 33.1(a)(2)(A). Admittedly, there is a significant difference between a hearing on a motion for summary judgment and a trial. But the failure "to obtain a pre-trial ruling on any discovery dispute existing before commencement of summary judgment proceedings constitutes a waiver" of any claim for relief. *White v. Cole*, 880 S.W.2d 292, 296 (Tex. App.—Beaumont 1994, writ denied). We agree. Corona failed to present the motion to compel discovery to the trial court until the summary judgment hearing. At the hearing, Corona did not request the trial court rule on the motion. Further, Corona did not file a motion for continuance. *See Tenneco Inc. v. Enter. Prods. Co.*, 925 S.W.2d 640, 647 (Tex. 1996) ("When a party contends that it has not had an adequate opportunity for discovery before a summary judgment hearing, it must file either an affidavit explaining the need for further discovery or a verified motion for continuance."). Corona did not preserve error, if any, for our review.

*(6)  Corona's Complaint About Venue Was Not Preserved for Appellate Review*

Corona filed a motion to transfer venue October 17, 2005, alleging that defending himself in Camp County, Texas, was too burdensome because he is a paraplegic.  According to Corona, extended stays in a wheelchair could pose a severe health risk because he is subject to decubitus ulcers.  Corona states he filed, in December 2005, a copy of his medical discharge summary.  The only medical discharge summary we have located in the record was attached to his amended motion to transfer venue, which was filed after the trial court had rendered summary judgment in favor of Pilgrim's Pride.  The medical discharge corroborates Corona's medical condition, but it does not contain any information establishing Corona was medically unable to appear in Camp County.

Corona failed to preserve any error for our review.  It was Corona's responsibility to request a hearing and obtain a ruling on the motion to transfer venue.  *See* TEX. R. CIV. P. 87.  Corona waived any issue concerning venue by not requesting a hearing or ruling.  *See, e.g., Cliff Jones, Inc. v. Ledbetter*, 896 S.W.2d 417, 418–19 (Tex. App.—Houston [1st Dist.] 1995, no writ).

Even if Corona had preserved error, Corona has not shown the trial court erred.  The guaranty agreement contained a forum selection clause establishing Camp County, Texas, as the appropriate venue and waiving "any objections to the above-referenced jurisdiction and venue." The Texas Supreme Court has held "enforcement of a forum-selection clause is mandatory, absent a showing that 'enforcement would be unreasonable and unjust or that the clause was invalid due to fraud or overreaching.'" *Michiana Easy Livin' Country, Inc. v. Holten*, 168 S.W.3d 777, 793 (Tex.

15

2005); *see In re Automated Collection Techs.*, 156 S.W.3d 557, 559 (Tex. 2004) (per curiam); *In re AIU Ins. Co.*, 148 S.W.3d 109, 115 (Tex. 2004) (adopting the standards applied by the United States Supreme Court in *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1 (1972)). The party opposing enforcement of a forum selection clause bears the burden of showing enforcement would be unreasonable or unjust, or that the clause is invalid. *Automated Collection Techs.*, 156 S.W.3d at 559. Camp County, Texas, is not "remote alien forum." *See AIU Ins. Co.*, 148 S.W.3d at 114. Even if Corona had preserved error, he has not shown either that the forum selection clause is unenforceable or that he was medically unable to attend proceedings in Camp County.

The trial court did not err in dismissing Corona's counterclaims, and Corona raised no genuine issue of material fact on Pilgrim's Pride's claims against him. Even if a violation of the ADA would result in a void judgment, Corona failed to plead such a defense and failed to show that an ADA violation occurred. Because Corona's affidavit was entirely hearsay, the trial court did not abuse its discretion in sustaining Pilgrim's Pride's objection to it. Corona failed to preserve any error on his motions to compel discovery and to change venue.

For the reasons stated, we affirm the trial court's judgment.[7]

Josh R. Morriss, III<br>
Chief Justice

Date Submitted:     September 10, 2007
Date Decided:       January 18, 2008

---

[7]Corona also alleges the trial court engaged in ex parte communications with Pilgrim's Pride, but there is no support in the record for this claim.