# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-10-00524-CV

**Professional Resource Plus, Appellant**

**v.**

**University of Texas, Austin, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT
### NO. D-1-GN-10-000330, HONORABLE PAUL DAVIS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Professional Resource Plus appeals from the trial court's order granting the plea to the jurisdiction filed by appellee University of Texas, Austin (the "University").[1]  Professional Resource Plus filed suit against the University, alleging breach of contract and violations of the Texas Deceptive Trade Practices Act (DTPA), *see* Tex. Bus. & Com. Code Ann. §§ 17.41-.63 (West 2002 & Supp. 2010).  According to the original petition, Professional Resource Plus submitted

---

[1]  We understand Professional Resource Plus to appear pro se through its sole proprietor, Mack A. Adedipe, who identifies himself as "Mack A. Adedipe DBA Professional Resource Plus." While a corporate entity may not appear pro se, a sole proprietorship is not a distinct legal entity from its sole proprietor, and therefore may appear pro se through its sole proprietor. *See Simmons, Jannace & Staff, L.L.P. v. Buzbee Law Firm*, 324 S.W.3d 833, 833 (Tex. App.—Houston [14th Dist.] 2010, no pet.) (stating that corporations and partnerships, as fictional legal persons, cannot represent themselves); *Corona v. Pilgrim's Pride Corp.*, 245 S.W.3d 75, 79 (Tex. App.—Texarkana 2008, pet. denied) ("[A] nonattorney may not appear pro se on behalf of a corporation."); *CU Lloyd's v. Hatfield*, 126 S.W.3d 679, 684 (Tex. App.—Houston [14th Dist.] 2004, pet. denied) ("[A] sole proprietorship has no separate legal existence apart from the sole proprietor.").

a proposal to the University in response to the University's request for bids on a programming services project. The petition alleges that after Professional Resource Plus "spent cash for long distance phone calls" and invested "hours of work" on its proposal, the project was "cancelled without any explanation." As a result, Professional Resource Plus claims that it was "deprived [of] its right to the award of the project." In response, the University filed a plea to the jurisdiction alleging sovereign immunity. The trial court granted the plea to the jurisdiction and dismissed the case. This appeal followed.

In its initial brief on appeal, Professional Resource Plus does not address the issue of sovereign immunity, but instead recites facts, most of which are outside the record, in support of the merits of its claims. While the brief includes a list of points of error, there are no accompanying arguments or authorities. As a result, these points of error are waived as inadequately briefed. *See* Tex. R. App. P. 38.1(i) (appellant's brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record); *see also Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184-85 (Tex. 1978) ("Litigants who represent themselves must comply with the applicable procedural rules, or else they would be given an unfair advantage over litigants represented by counsel."). Further, none of the points of error listed in Professional Resource Plus's brief pertain to the threshold jurisdictional issue.

The State and its agencies are generally immune from suit, absent an express waiver of sovereign immunity. *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 224 (Tex. 2004). State universities, such as the University of Texas, are governmental entities subject to sovereign immunity. *University Interscholastic League v. Southwest Officials Ass'n*, 319 S.W.3d

2

952, 957 (Tex. App.—Austin 2010, no pet.). The DTPA does not include an express waiver of sovereign immunity. *See* Tex. Bus. & Com. Code Ann. § 17.45(3) (West Supp. 2010) (definition of "person" subject to suit under DTPA does not include governmental entities); *McBride v. Texas Dep't of Criminal Justice*, No. 13-05-391-CV, 2008 Tex. App. LEXIS 1471, at *20-21 (Tex. App.—Corpus Christi Feb. 28, 2008, pet. denied) (mem. op.). Similarly, there is no waiver of sovereign immunity generally applicable to breach-of-contract claims against the State. *See General Servs. Comm'n v. Little-Tex Insulation Co.*, 39 S.W.3d 591, 595-96 (Tex. 2001) (stating that chapter 2260 of the government code "retains sovereign immunity from suit in breach-of-contract cases against the State but provides an administrative process to resolve those claims"); *see also* Tex. Gov't Code Ann. §§ 2260.001-.108 (West 2008) (providing administrative procedure for contested case hearings as exclusive remedy for resolving contract claims against the State).

Professional Resource Plus has not identified any waiver of sovereign immunity applicable to its claims. As a result, we affirm the trial court's order granting the University's plea to the jurisdiction.

_____

Diane M. Henson, Justice

Before Chief Justice Jones, Justices Henson and Goodwin

Affirmed

Filed: March 4, 2011