**Opinion issued September 20, 2012**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-12-00369-CV

———————————

**PREMIER ASSOCIATES, INC. D/B/A CYPRESS COMPUTERS, AKHTAR IQBAL, AND MENHNAZ AKHTAR, Appellants**

**V.**

**LOUETTA SHOPPING CENTER HOUSTON, L.P., Appellee**

---

**On Appeal from the 295th District Court
Harris County, Texas
Trial Court Cause No. 2012-14935**

---

## MEMORANDUM OPINION

This is an attempted appeal from the trial court's judgment signed March 13, 2012 against Premier Associates, Inc. d/b/a Cypress Computers, Akhtar Iqbal, and Menhnaz Akhtar. The Court's records indicate that appellant Akhtar Iqbal,

proceeding pro se, filed a notice of appeal signed by himself only, purporting to be on behalf of himself, Premier Associates, Inc. d/b/a Cypress Computers, and Menhnaz Akhtar.

A notice of appeal filed by a corporate representative that is not a licensed attorney has no effect. *Kaminetzky v. Newman*, No. 01-10-01113-CV, 2011 WL 6938536, at *2 (Tex. App.—Houston [1st Dist.] December 29, 2011, no pet. h.) (mem. op.); *Globe Leasing, Inc. v. Engine Supply & Mach. Serv.*, 437 S.W.2d 43, 45 (Tex. Civ. App.—Houston [1st Dist.] 1969, no writ); *see Simmons, Jannace & Staff, L.L.P. v. Buzbee Law Firm*, 324 S.W.3d 833, 833 (Tex. App.—Houston [14th Dist.] 2010, no pet.) (stating that corporations and partnerships, as fictional legal persons, cannot represent themselves); *Corona v. Pilgrim's Pride Corp.*, 245 S.W.3d 75, 79 (Tex. App.—Texarkana 2008, pet. denied) ("[A] nonattorney may not appear pro se on behalf of a corporation.").

Likewise, a person proceeding pro se cannot file a notice of appeal on behalf of another person. *See Guerrero v. Memorial Turkey Creek, Ltd.*, No. 01-09-00237-CV, 2011 WL 3820841, at *2 (Tex. App.—Houston [1st Dist.] August 25, 2011, no pet.) (mem. op.) (appellant proceeding pro se could not file notice of appeal on behalf of second appellant); *Paselk v. Rabun*, 293 S.W.3d 600, 605 (Tex. App.—Texarkana 2009, no pet.) (holding notice of appeal filed by one pro se litigant on behalf of himself and second pro se litigant, who did not sign the notice,

was not proper as to non-signing litigant and dismissing second litigant's appeal for want of jurisdiction); *see also* TEX. R. APP. P. 9.1(b) ("A party not represented by counsel must sign any document that the party files . . . .").

Accordingly, no timely notice of appeal has been filed on behalf of Premier Associates, Inc. d/b/a Cypress Computers or Menhnaz Akhtar. *See* TEX. R. APP. P. 26.1 (requiring notice of appeal to be filed within thirty days after the judgment is signed, or within ninety days if a motion for new trial, motion to modify judgment, motion to reinstate, or a certain requests for findings of fact and conclusions of law are filed). Without a timely filed notice of appeal, this Court lacks jurisdiction over the appeals on behalf of Premier Associates, Inc. d/b/a Cypress Computers and Menhnaz Akhtar. *See* TEX. R. APP. P. 25.1.

On July 3, 2012, this Court gave notice that the appeals on behalf of Premier Associates, Inc. d/b/a Cypress Computers and Menhnaz Akhtar were subject to dismissal for want of jurisdiction. No meritorious response was filed showing grounds for continuing the appeal on behalf of Premier Associates, Inc. d/b/a Cypress Computers or Menhnaz Akhtar.

The notice of appeal filed by appellant Akhtar Iqbal on behalf of himself was timely, and vested this Court with jurisdiction over his appeal. *See* TEX. R. APP. P. 25.1, 26.1. However, appellant, Akhtar Iqbal, has neither paid the required filing fee for this appeal nor established indigence for purposes of appellate costs.

*See* TEX. R. APP. P. 5 (requiring payment of fees in civil cases unless indigent), TEX. R. APP. P. 42.3(c) (allowing involuntary dismissal of case); *see also* Order Regarding Fees Charged in Civil Cases in the Supreme Court and the Courts of Appeals and Before the Judicial Panel on Multidistrict Litigation, Misc. Docket No. 07-9138 (Tex. Aug. 28, 2007), *reprinted in* TEX. R. APP. P. app. A § B(1) (listing fees in court of appeals); 1st Tex. App. (Houston) Loc. R. 4 (governing electronic filing). After being notified on April 26, 2012 that this appeal was subject to dismissal if the fee was not paid by May 7, 2012, appellant did not adequately respond. *See* TEX. R. APP. P. 5 (allowing enforcement of rule); 42.3(c) (allowing involuntary dismissal of case). Appellant was again notified on June 5, 2012 that this appeal was subject to dismissal for failure to pay the fee, and in response, requested an extension of time to pay the fee to July 27, 2012, which was granted. However, appellant has failed to pay the fee and has not provided this Court with any basis for suspending the enforcement of Texas Rule of Appellate Procedure 5. *See* TEX. R. APP. P. 5 (allowing enforcement of rule); 42.3(c) (allowing involuntary dismissal of case).

Accordingly, we dismiss the appeals on behalf of Premier Associates, Inc. d/b/a Cypress Computers and Menhnaz Akhtar for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a), 43.2(f). We dismiss the appeal on behalf of Akhtar Iqbal for

failure to pay the filing fee.  *See* TEX. R. APP. P. 42.3(c), 43.2(f). We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Justices Higley, Sharp, and Huddle.