# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-11-00810-CV

**Will Rader, Appellant**

**v.**

**Bryan Berry, Appellee**

## FROM THE COUNTY COURT AT LAW NO. 1 OF TRAVIS COUNTY
## NO. C-1-CV-11-000076, HONORABLE J. DAVID PHILLIPS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

After appellant Will Rader was involved in a car accident with appellee Bryan Berry, Rader sued Berry in small claims court for the damage to his vehicle, seeking about $3,200 that he paid to have the car repaired. The small claims court awarded him $1,250, and he appealed to the county court. In July 2011, the county court signed a post-answer default judgment awarding Rader $3,205.43, but granted Berry a new trial after Berry asserted that he did not receive notice of the trial setting. In October 2011, the parties appeared for trial, and the county court entered a take-nothing judgment in Berry's favor. Rader appeals, representing himself pro se.

In his one-page brief, Rader states that he was rear-ended by Berry and that his car, which he states was worth $1,800, was totaled. He states that the county court judge asked about the car, Rader responded that he had sold it, and the judge replied, "Well the $1250.00 I offered would have worked out fine, I rule you get nothing." Rader also states that Berry was not insured and that Rader received no compensation for his car or for his time. However, he does not present

any references to the record or to authority and presents no argument explaining how the county court might have erred. *See* Tex. R. App. P. 38.1(i).

Although we attempt to construe a pro se appellant's briefing liberally, Tex. R. App. P. 38.9; *Corona v. Pilgrim's Pride Corp.*, 245 S.W.3d 75, 78 n.3 (Tex. App.—Texarkana 2008, pet. denied) ("We review and evaluate pro se pleadings with liberality and patience."), we must also hold pro se litigants to the same standards as licensed attorneys and require them to comply with applicable laws and rules of procedure, *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184-85 (Tex. 1978). Without argument of how the county court erred, citation to the record, or citation to authority, any error that may have occurred in the county court is waived. *See Fredonia State Bank v. General Am. Life Ins. Co.*, 881 S.W.2d 279, 284 (Tex. 1994); *Bullock v. American Heart Ass'n*, 360 S.W.3d 661, 665 (Tex. App.—Dallas 2012, pet. denied) ("it is appellant's burden to discuss [his] assertions of error"; "[f]ailure to cite legal authority or provide substantive analysis of the legal issue presented results in waiver of the complaint"; court has "no duty—or even right—to perform an independent review of the record and applicable law to determine whether there was error"). We have no choice but to affirm the county court's judgment.

_____

David Puryear, Justice

Before Justices Puryear, Pemberton and Field

Affirmed

Filed: December 11, 2013

2