

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-16-00109-CV

Hari Prasad **KALAKONDA** and Latha Kalakonda,
Appellants

v.

**ASPRI INVESTMENTS, LLC**,
Appellee

From the 37th Judicial District Court, Bexar County, Texas
Trial Court No. 2015CI01910
Honorable Michael E. Mery, Judge Presiding

Opinion by:    Marialyn Barnard, Justice

Sitting:        Marialyn Barnard, Justice
               Rebeca C. Martinez, Justice
               Luz Elena D. Chapa, Justice

Delivered and Filed:  July 13, 2016

APPEAL DISMISSED; CAUSE REMANDED WITH INSTRUCTIONS

Hari Prasad Kalakonda and Latha Kalakonda appeal the trial court's order denying their motion to compel arbitration.[1]  Appellee, Aspri Investments, Inc., contends the Kalakondas lack standing and their claims are barred by res judicata.  Because we hold the Kalakondas lack standing, we dismiss this appeal for lack of jurisdiction; however, we remand the cause with instructions.

---

[1] The Kalakondas' request for this court to consider the appellate record filed in appeal number 04-15-00114-CV in resolving this appeal is granted.

**DISCUSSION**

On March 18, 2008, Shubha, LLC, which is a Texas limited liability company owned by the Kalakondas, executed a lease assumption agreement pursuant to which Shubha assumed all of the tenant's obligations under a lease agreement between Aspri and AASHIQ, Inc. The Kalakondas executed a guaranty, personally guaranteeing all of Shubha's obligations under the lease. Both the lease assumption agreement and the guaranty contain an arbitration agreement.

In December of 2013, Aspri sent an arbitration demand to the arbitrator named in the arbitration agreement. In February of 2014, Aspri filed a petition in the arbitration proceeding, asserting Shubha, as tenant, and the Kalakondas, as guarantors, breached the lease agreement. In its petition, Aspri requested the arbitrator to declare that Aspri could terminate Shubha's tenancy as a result of breaches of the lease agreement and to "declare the subject lease terminated." The arbitrator presided over three days of evidentiary hearings and, on October 10, 2014, issued an Award of Arbitrator, awarding Aspri $66,235.51 in damages including attorney's fees. The Kalakondas were ordered to pay the damages on or before thirty days from the date of the award, and, if the damages were not paid by that date, the Kalakondas were ordered to pay six percent interest on the award until paid in full. Aspri was not awarded the declaratory relief it requested regarding the lease termination, and the arbitration award stated all "other relief not expressly granted herein [is] hereby DENIED."

On October 15, 2014, Aspri filed a petition to confirm the arbitration award and prayed that a judgment be entered confirming the Kalakondas owed Aspri $66,235.51 in damages plus interest "from November 10, 2014 until paid in full at the rate of 6% per annum." On October 24, 2014, Aspri's attorney sent the Kalakondas a notice to vacate the premises based on their failure to pay the arbitration award even though the arbitration award gave the Kalakondas until November 10, 2014, to pay the award. The notice demanded that the premises be vacated by

November 1, 2014. On November 7, 2014, the Kalakondas filed an answer to Aspri's petition to confirm, noting Aspri had sent notice to vacate before the arbitration award was due to be paid. On December 1, 2014, the trial court signed a final judgment granting the motion to confirm and entering judgment in favor of Aspri for $66,235.15 with six percent interest accruing from November 10, 2014, until paid in full.

On December 9, 2014, the Kalakondas sent Aspri notice of their intention to demand arbitration regarding "the issue of lease termination and eviction" and "other claims that were denied in earlier arbitration." On February 5, 2015, Aspri filed a petition seeking to enjoin the Kalakondas from pursuing arbitration of their claims, asserting the claims were barred by res judicata based on the December 1, 2014 judgment.

On February 19, 2015, the trial court signed an order granting Aspri a temporary injunction, noting the parties previously participated in an arbitration and the arbitration award denied all relief not expressly granted. The order also noted a dispute existed as to whether the prior judgment confirming the arbitration award "was intended to dispose of matters pled in defense of the judgment related to termination of the lease." The trial judge who granted the temporary injunction was not the trial judge who signed the judgment confirming the arbitration award. The order granting the temporary injunction stated it would expire "when the parties appear before [the trial judge who signed the judgment confirming the arbitration award] on a motion to clarify."

On March 25, 2015, the Kalakondas filed a motion to dissolve the temporary injunction which was heard by the trial judge who signed the judgment confirming the arbitration award. During the hearing on April 1, 2015, Mr. Kalakonda argued the trial judge who granted the temporary injunction repeatedly told Aspri's counsel that "whatever he [was] asking for is totally inappropriate" and directed counsel to appear before the trial judge who signed the judgment confirming the arbitration award for clarification. Mr. Kalakonda further explained:

> MR. KALAKONDA: …. So basically what she was saying is that, you know, because the lease — the parties are bound by arbitration, and the event of lease termination happened after the arbitration was over. So we are not re-arbitrating to get the same issues that were already arbitrated. So October is new, those issues only were arbitrated. We had two more years of lease. And Judge Stryker also asked opposing counsel a question, assuming the situation where we are still going to be on the lease — they are still on the premises, if the dispute arises after one year of arbitration, is he going to make the same conclusion that whatever Judge Pozza said, is done? So it means that after Judge, Your Honor, after your order on arbitration, basically what opposing counsel is saying that they can do anything to me on those premises when we have two and a half years of lease still available to run my store and make money on everything. He says that he can do anything, and your order is final, and I have no rights in those premises. And that's not right, as per Judge Stryker.

Mr. Kalakonda also clarified Aspri requested the arbitrator to terminate the lease, but the arbitrator denied that request. In response to the trial court's question regarding what issues still need to be arbitrated, Mr. Kalakonda stated the issue of the lease termination, noting he still "had more than two years of lease time." The trial court disagreed with the Kalakondas' position, stating, "[a]ny litigation concerning that lease was concluded in the arbitration, and it is over." On April 13, 2015, the trial court signed an order denying the motion to dissolve the temporary injunction and subsequently entered findings of fact and conclusions of law, concluding the Kalakondas' claims were barred by res judicata. The order enjoined the Kalakondas from pursuing any claims until "the Court of Appeals decides that the Final Judgment is not final on all issues."

On December 9, 2015, this court affirmed the trial court's December 1, 2014 judgment confirming the arbitration award. *Kalakonda v. Aspri Invs., LLC*, No. 04-15-00114-CV, 2015 WL 8384771 (Tex. App.—San Antonio Dec. 9, 2015, pet. denied) (mem. op.). In our opinion, we rejected the Kalakondas' argument that the arbitrator exceeded his powers by finding them individually liable because they personally guaranteed all of Shubha's obligations under the lease. *Id.* at *5. We also rejected the Kalakondas' claim that the trial court erred in confirming the award because Aspri violated the arbitration award before the trial court entered its judgment, holding

the Federal Arbitration Act does not contain a provision "listing a violation of the arbitration award before confirmation as a ground for vacating the award."[2] *Id*. On January 21, 2016, this court denied the Kalakondas' motion seeking en banc reconsideration of our decision.

On February 2, 2016, the Kalakondas filed their motion to compel arbitration, asserting Aspri had refused to participate in arbitration and the Kalakondas had been "extremely damaged financially, physically and mentally due to the termination of the lease and eviction from the premises."[3] Aspri filed a response to the motion contending the Kalakondas' claims were barred by res judicata because the claims were "already *arbitrated*, now *confirmed* by the district court and *affirmed* by the court of appeals." (emphasis in original). After a brief hearing on February 23, 2016, at which the trial court did not entertain any argument, the trial court signed an order denying the Kalakondas' motion to compel arbitration.[4] The Kalakondas appeal.

## STANDING

For the first time on appeal, Aspri contends the Kalakondas lack standing to pursue arbitration on the termination of lease claim because the Kalakondas are not parties to the lease. The Kalakondas respond Aspri failed to preserve this issue for our review because Aspri did not raise standing as an issue before the trial court. Standing, however, is a component of a court's

---

[2] In its brief, Aspri argues the Kalakondas' reference to the lease termination in their response to Aspri's petition to confirm and the statement that they incurred a loss of $100,000 was a claim presented to the trial court independent of Aspri's petition to confirm, and the trial court's denial of relief not expressly granted was an adjudication of that claim. We disagree with Aspri's reading of the Kalakondas' response. As this court noted in our prior opinion, the Kalakondas referred to the lease termination as a reason for the trial court not to confirm the arbitration award. *Kalakonda*, 2015 WL 8384771, at *5. The trial court's rejection of this reason was not an adjudication of any claim arising from the termination. Instead, as this court held, the trial court properly rejected the termination of the lease as a reason not to confirm the arbitration award because no provision of the Federal Arbitration Act lists "a violation of the arbitration award before confirmation as a ground for vacating the award." *Id*.

[3] Although the Kalakondas' letter to Aspri referred to additional claims for which they would seek arbitration, their motion only sought to compel arbitration of their claim regarding the termination of the lease and eviction.

[4] We note the trial court's order appears to be based on Aspri's res judicata defense. *But see Aspri Invs., LLC v. Afeef*, No. 04-10-00573-CV, 2011 WL 3849487, at *5 (Tex. App.—San Antonio Aug. 31, 2011, pet. denied) ("As a general rule, res judicata is an affirmative defense for the arbitrator to decide," and "when the prior judgment was simply a confirmation of an arbitration award," "the application of res judicata remains an issue for the arbitrator.").

subject-matter jurisdiction and can be raised for the first time on appeal. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443-44 (Tex. 1993).

A corporate owner cannot personally recover damages for wrongdoing against a corporation. *See Wingate v. Hajdik*, 795 S.W.2d 717, 719 (Tex. 1990); *Corona v. Pilgrim's Pride Corp.*, 245 S.W.3d 75, 78-79 (Tex. App.—Texarkana 2008, pet. denied); *see also Haut v. Green Café Mgmt., Inc.*, 376 S.W.3d 171, 177 (Tex. App.—Houston [14th Dist.] 2012, no pet.) ("Causes of action for injury to the property of a corporation or for impairment or destruction of its business are vested in the corporation, as distinguished from its shareholders, even though the shareholders may be harmed indirectly by a loss of earnings. It is the nature of the wrong, whether directed against the corporation only or against the shareholder personally, not the existence of injury, which determines who may sue."). In addition, "[u]nder Texas law, guarantors do not have standing to bring claims for breach of contract on behalf of [an entity that is a party to the contract], even when … the guarantor is [the entity's] principal owner." *Compass Bank v. Veytia*, No. EP-11-CV-228-PRM, 2011 WL 6046530, at *3 (W.D. Tex. Dec. 5, 2011). Furthermore, "[a] member of a limited liability company lacks standing to assert claims individually where the cause of action belongs to the company." *Barrera v. Cherer*, No. 04-13-00612-CV, 2014 WL 1713522, at *2 (Tex. App.—San Antonio Apr. 30, 2014, no pet.) (mem. op.). Finally, Texas courts have consistently held that a nonattorney may not appear pro se on behalf of a corporation. *See Kunstoplast of Am., Inc. v. Formosa Plastic Corp., USA*, 937 S.W.2d 455, 456 (Tex. 1996); *Simmons, Jannace & Stagg, L.L.P. v. Buzbee Law Firm*, 324 S.W.3d 833, 833 (Tex. App.—Houston [14th Dist.] 2010, no pet.); *Corona*, 245 S.W.3d at 79.

In this case, only Shubha was a party to the lease. Although the Kalakondas were guarantors of the lease, they did not have standing to compel arbitration of Shubha's claim regarding the termination of the lease, and they could not appear pro se on Shubha's behalf. *See*

*Kunstoplast of Am., Inc.*, 937 S.W.2d at 456; *Corona*, 245 S.W.3d at 78-79; *Compass Bank*, 2011 WL 6046530, at *3. Notwithstanding the foregoing, however, "an action taken by a non-attorney on behalf of a corporation presents a curable defect and the corporation is to be granted a reasonable time to obtain counsel and make any necessary amendments." *Wuxi Taihu Tractor Co., Ltd. v. York Group, Inc.*, No. 01-13-00016-CV, 2014 WL 6792019, at *8 (Tex. App.— Houston [1st Dist.] Dec. 2, 2014, pet. denied). Accordingly, we dismiss the appeal but remand the cause with instructions for the trial court to grant Shubha a reasonable time to obtain counsel and make any necessary amendments to the motion to compel arbitration.

## CONCLUSION

This appeal is dismissed. The cause is remanded to the trial court with instructions for the trial court to grant Shubha a reasonable time to obtain counsel and make any necessary amendments to the motion to compel arbitration.

Marialyn Barnard, Justice