

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-23-00004-CV

---

IN THE MATTER OF THE MARRIAGE OF
LACY MICHELLE DICKEY AND JAMES EVERETT DICKEY
AND IN THE INTEREST OF K.D. AND G.D., CHILDREN

---

On Appeal from the County Court at Law
Lamar County, Texas
Trial Court No. 90283

---

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice Rambin

MEMORANDUM OPINION

James Everett Dickey, proceeding pro se, appeals the trial court's final decree divorcing him from Lacy Michelle Dickey. In his points of error, Appellant contends that (1) the trial judge should have been recused and (2) the trial court lacked jurisdiction to enter the final decree because the trial judge was disqualified.[1] We find that Appellant failed to preserve his first complaint for our review and that nothing shows that the trial judge was disqualified. As a result, we overrule Appellant's points of error and affirm the trial court's judgment.

## I. Appellant's Pro Se Brief Only Raises Two Relevant Issues

In this Court, we hold the pro se Appellant's briefing to the same standards expected of attorneys, but in doing so, we evaluate his briefing "with liberality and patience." *Li v. Pemberton Park Cmty. Ass'n*, 631 S.W.3d 701, 706 (Tex. 2021) (per curiam) (quoting *Corona v. Pilgrim's Pride Corp.*, 245 S.W.3d 75, 78 n.3 (Tex. App.—Texarkana 2008, pet. denied)).

Appellant's "Issues Presented" falls under the heading "Obstruction of Justice." Under that heading, and throughout the brief, Appellant makes wide-ranging accusations against attorneys and judges in criminal cases that are not before us. As for the divorce, which is before us, Appellant contends that the divorce was the result of "Retaliation" against him and that no

---

[1] Jurisdiction in a divorce proceeding is established by Chapter 6 of the Texas Family Code. As relevant here, the trial court acquired jurisdiction if "at the time the suit [was] filed either the petitioner or the respondent [was]: (1) a domiciliary of this state for the preceding six-month period; and (2) a resident of the county in which the suit is filed for the preceding 90-day period." TEX. FAM. CODE ANN. § 6.301. Here, Appellant does not contest jurisdiction on those grounds. Moreover, the record shows that the trial court had jurisdiction because, at the time suit was filed, Appellant and his former wife both resided in Texas for a six-month period and were Lamar County residents for the preceding ninety-day period.

official in Lamar County had any authority to "Judge, Convict, or Discuss the <u>Subject Matter</u> of this Appeal which was Jamie Dickey."[2]

Construing Appellant's brief liberally and with patience, we perceive his cognizable appellate issues to be (1) whether the trial judge should have recused, and (2) whether the trial court lacked jurisdiction to enter a final judgment because the trial judge was disqualified.

## II.     Appellant's First Point of Error Is Unpreserved

In his first point, Appellant complains of the trial judge's refusal to recuse from the case. We find this issue unpreserved.

"A motion to recuse seeks to prevent a judge from hearing a case because of a nonconstitutional reason." *Duffey v. State*, 428 S.W.3d 319, 324 (Tex. App.—Texarkana 2014, no pet.). Because recusal is not a jurisdictional matter, an objection is required to preserve a recusal complaint. *In re Union Pac. Res. Co.*, 969 S.W.2d 427, 428 (Tex. 1998) (orig. proceeding); *see* TEX. R. APP. P. 33.1. Our review of the record shows that no such complaint was made.

On September 22, 2021, James filed a motion to recuse the trial judge formerly presiding over the case, and that judge recused. On November 12, 2021, the regional presiding judge assigned the Honorable F. Duncan Thomas, retired judge of the County Court at Law No. 2 of Hunt County, to hear this case. Judge Thomas presided over the remainder of the case and signed the final divorce decree on December 6, 2022.

---

[2]Appellant asserts that this is "basically the one issue presented for review" and is "the cause of every error" he perceives in the case. Appellant itemizes sixteen unbriefed issues and states that there are "hundreds of more" to be found within the clerk's record. "All," Appellant asserts, stem "from the one issue that [he] contend[s on] appeal."

Appellant made no complaint seeking to recuse Judge Thomas in the trial court. As a result, his recusal complaint is not preserved, and we overrule Appellant's first point of error.

## III. Nothing Shows that the Trial Judge Was Disqualified

In his second point of error, Appellant argues that the trial court lacked jurisdiction because the trial judge was disqualified. We disagree.

"[I]f a judge is disqualified, the judge is without jurisdiction to hear the case; therefore, any judgment rendered is void and a nullity." *Kennedy v. Staples*, 336 S.W.3d 745, 750 (Tex. App.—Texarkana 2011, no pet.). Consequently, "the disqualification of a judge is a jurisdictional issue that cannot be waived." *Freedom Commc'ns, Inc. v. Coronado*, 372 S.W.3d 621, 624 (Tex. 2012) (per curiam). "Although we do not have jurisdiction 'to address the merits of appeals from void orders or judgments,' we do 'have jurisdiction . . . to determine whether an 'order or judgment underlying the appeal is void and make appropriate orders based on that determination.'" *Antolik v. Antolik*, 625 S.W.3d 530, 538 (Tex. App.—Texarkana 2021, pet. denied) (quoting *Freedom Commc'ns, Inc.*, 372 S.W.3d at 623).

Appellant argues that Judge Thomas should be disqualified because he was allegedly involved in Appellant's criminal cases.[3] As a result, Appellant argues that Judge Thomas could not preside over the divorce. We disagree.

Here, nothing in the record shows that Judge Thomas was disqualified. First, although Appellant alleges that Judge Thomas was involved in prior or co-pending criminal cases against

---

[3]Rule 18b of the Texas Rules of Civil Procedure contains three grounds for disqualification. TEX. R. CIV. P. 18b(a). Appellant's complaint relates only to the first ground of disqualification, not the second or third grounds, which require disqualification if the judge knows that he "has an interest in the subject matter in controversy" or is related to a party "by affinity or consanguinity within the third degree." TEX. R. CIV. P. 18b(a)(2)–(3).

him, the record before us contains no such information about Appellant's criminal cases. Second, even had Judge Thomas been involved in those criminal cases, the law does not require recusal.

The Texas Constitution provides, "No judge shall sit in any case . . . when the judge shall have been counsel in the case." TEX. CONST. art. V, § 11. Rule 18b(a)(1) of the Texas Rules of Civil Procedure provides that a judge "must disqualify" if "the judge has served as a lawyer in the matter in controversy." TEX. R. CIV. P. 18b(a)(1). Rule 18b is co-extensive with the Texas Constitution. "Rule 18b(1)(a) was not intended to expand disqualification further than constitutionally required." *Tesco Am., Inc. v. Strong Indus., Inc.*, 221 S.W.3d 550, 553 (Tex. 2006).

"[C]ounsel in the case" means the case presently before the court. *Id.* at 554 (finding an appellate justice disqualified where, before taking the bench, she had worked at a large firm "at the same time another attorney with the firm served as counsel *in [that] appeal*"). Appellant cites *In re K.E.M.* in support of his argument, but that case held that "the prohibition found in article V, section 11 against a judge hearing a case in which the judge had acted as a prosecutor requires that the judge had participated *in the very case at issue*." *In re K.E.M.*, 89 S.W.3d 814, 820 (Tex. App.—Corpus Christi–Edinburg 2002, no pet.). Simply put, neither Article V, Section 11, nor Rule 18b(a)(1) prohibit judges from hearing both criminal and civil matters.

We find that the record fails to support Appellant's contention that Judge Thomas was disqualified from presiding over his divorce and, consequently, his jurisdictional argument. As a result, we overrule Appellant's last point of error.

**IV.     Disposition**

We affirm the trial court's judgment.


Jeff Rambin
Justice

Date Submitted:      August 30, 2023
Date Decided:        August 31, 2023