**Opinion issued October 17, 2024**



In The

# Court of Appeals

For The

# First District of Texas

———————————

### NO. 01-24-00592-CV

———————————

### 8909 JACKRABBIT LTD, Appellant

### V.

### HARRIS COUNTY APPRAISAL DISTRICT, Appellee

---

**On Appeal from the 61st District Court**
**Harris County, Texas**
**Trial Court Case No. 2017-69288**

---

## MEMORANDUM OPINION

On August 6, 2024, appellant, 8909 Jackrabbit Ltd, filed a notice of appeal

from the trial court's August 28, 2023 order granting summary judgment in favor of

appellee, Harris County Appraisal District. The Court's record reflects that

appellant's notice of appeal was filed by Frank Gilchrist, representing that he is the

owner of 8909 Jackrabbit Ltd.  Notably, the record does not reflect that Gilchrist is a licensed attorney.

We dismiss the appeal for lack of jurisdiction.

Absent a timely filed notice of appeal, we lack jurisdiction over an appeal. *See* TEX. R. APP. P. 25.1.  Generally, a notice of appeal of a final judgment must be filed within thirty days after the entry of judgment.  *See* TEX. R. APP. P. 26.1.  However, where a party timely files certain post-judgment motions, the deadline to file a notice of appeal is extended to ninety days after the entry of judgment.  *See* TEX. R. APP. P. 26.1(a)(1).  Post-judgment motions generally must be filed within thirty days after the judgment or other order complained of is signed.  *See* TEX. R. CIV. P. 329b(a), (g).

The appellate record does not reflect that appellant filed a post-judgment motion which would have extended the appellate deadlines.  Accordingly, in order to invoke this Court's appellate jurisdiction over the trial court's August 28, 2023 final judgment, appellant was required to file a notice of appeal on or before September 27, 2023.  Appellant's August 6, 2024 notice of appeal was therefore not timely filed, and the Court lacks jurisdiction over the appeal.

Because appellant's notice of appeal deadline was not timely filed, on September 10, 2024, the Court notified appellant in an order that it appeared the Court lacked jurisdiction over the appeal because its notice of appeal was not timely

2

filed. The Court further ordered appellant to file a written response within ten days demonstrating, with citation to law and the record, that the Court had jurisdiction over the appeal. Despite notice that the appeal was subject to dismissal, appellant did not adequately respond to the Court's September 10, 2024 order.

Additionally, a notice of appeal filed by a corporate officer or representative who is not a licensed attorney is ineffective to perfect an appeal for a corporate entity. *See Walker v. Taub*, No. 01-20-00580-CV, 2022 WL 2309133, at *4 (Tex. App.—Houston [1st Dist.] June 28, 2022, no pet.) (mem. op.); *see also Premier Assocs., Inc. v. Louetta Shopping Ctr. Houston, L.P.*, No. 01-12-00369-CV, 2012 WL 4243802, at *1 (Tex. App.—Houston [1st Dist.] Sept. 20, 2012, no pet.) (mem. op.) ("A notice of appeal filed by a corporate representative that is not a licensed attorney has no effect."); *Simmons, Jannace & Staff, LLP v. Buzbee Law Firm*, 324 S.W.3d 833, 833 (Tex. App.—Houston [14th Dist.] 2010, no pet.) (business entities, as fictional legal persons, cannot represent themselves); *Corona v. Pilgrim's Pride Corp.*, 245 S.W.3d 75, 79 (Tex. App.—Texarkana 2008, pet. denied) ("Texas courts have consistently held that a non[-]attorney may not appear pro se on behalf of a corporation.").

Because appellant's notice of appeal was filed by Gilchrist, who represented that he was the owner of 8909 Jackrabbit Ltd., and because there is no indication in the appellate record that Gilchrist is a licensed attorney, we lack jurisdiction over

this appeal. Accordingly, in our September 10, 2024 order, the Court also notified appellant that it appeared the Court lacked jurisdiction over the appeal because appellant's notice of appeal was filed by corporate representative who is not a licensed attorney. The Court therefore ordered appellant to file a written response within ten days demonstrating, with citation to law and the record, that the Court had jurisdiction over the appeal. Despite notice that the appeal was subject to dismissal, appellant did not adequately respond to the Court's September 10, 2024 order.

Accordingly, we dismiss the appeal for lack of jurisdiction. *See* TEX. R. APP. P. 42.3(a), (c), 43.2(f); *see also Walker*, 2022 WL 2309133, at *4. All pending motions are dismissed as moot.

**PER CURIAM**

Panel consists of Justices Goodman, Guerra, and Gunn.

4